No. 24-13718-D

# United States Court of Appeals
## *for the*
# Eleventh Circuit

---

DONNAHUE GEORGE,

*Plaintiff-Appellant,*

– v. –

KEN GRIFFIN, *et al.,*

*Defendants-Appellees,*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA, CASE NO. 0:21-CV-61719-KMM
(HON. K. MICHAEL MOORE, U.S. DISTRICT JUDGE)

## BRIEF OF DEFENDANTS-APPELLEES KEN GRIFFIN, CITADEL ENTERPRISE AMERICAS LLC (FORMERLY CITADEL LLC), CITADEL SECURITIES LLC, AND ROBINHOOD FINANCIAL LLC

JASON D. STERNBERG
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
2601 South Bayshore Drive,
  Suite 1550
Miami, Florida 33133
(561) 213-5635

DEREK L. SHAFFER
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
1300 I Street NW, Suite 900
Washington, DC 20005
(202) 538-8000

PETER H. FOUNTAIN
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
295 Fifth Avenue
New York, New York 10016
(212) 849-7519

*Attorneys for Defendants-Appellees Ken Griffin, Citadel Enterprise Americas LLC,
and Citadel Securities LLC*

*(For Continuation of Appearances See Inside Cover)*

CP COUNSEL PRESS    (800) 4-APPEAL • (334692)

SAMUEL DANON
TOM SCHULTE
HUNTON ANDREWS KURTH, LLP
Wells Fargo Center
333 Southeast Second Avenue,
    Suite 2400
Miami, Florida 33131
(305) 810-2500

*Attorneys for Defendant-Appellee*
    *Robinhood Financial LLC*

*Donnahue George v. Ken Griffin, et al.*
No. 24-13718-D

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and 11th Circuit Rule 26.1-2, the undersigned counsel hereby certify as follows:

Defendant-Appellee Citadel Enterprise Americas LLC (formerly Citadel LLC) is indirectly controlled by Citadel GP LLC and majority owned by Kenneth C. Griffin. Defendant-Appellee Citadel Securities LLC is indirectly controlled by Citadel Securities GP LLC and majority owned by Kenneth C. Griffin. No publicly-held corporation has a 10% or greater ownership interest in Citadel Enterprise Americas LLC, Citadel GP LLC, Citadel Securities LLC, or Citadel Securities GP LLC.

Defendant-Appellee Robinhood Financial LLC is a wholly-owned subsidiary of Robinhood Markets, Inc. (NASDAQ: HOOD), and no other publicly-held corporation has a 10% or greater ownership interest in Robinhood Financial LLC.

The following is a complete list, in alphabetical order, of interested persons:

1.   Boyle, Gregory M. (counsel for The Depository Trust & Clearing Corporation)

2.   Carlson & Associates, P.A. (counsel for The Depository Trust & Clearing Corporation)

3.   Carlson, Curtis (counsel for The Depository Trust & Clearing Corporation)

*Donnahue George v. Ken Griffin, et al.*
No. 24-13718-D

4.      Citadel Enterprise Americas LLC (formerly Citadel LLC)

5.      Citadel GP LLC

6.      Citadel Securities GP LLC

7.      Citadel Securities LLC

8.      Cravath, Swaine & Moore LLP (counsel for Robinhood Financial LLC)

9.      Danon, Samuel A. (counsel for Robinhood Financial LLC)

10.     The Depository Trust & Clearing Corporation

11.     Financial Industry Regulatory Authority, Inc.

12.     Fountain, Peter H. (counsel for Ken Griffin, Citadel Enterprise Americas
        LLC (formerly Citadel LLC), and Citadel Securities LLC)

13.     George, Donnahue

14.     Griffin, Kenneth

15.     Hunton Andrews Kurth LLP (counsel for Robinhood Financial LLC)

16.     Jenner & Block LLP (counsel for The Depository Trust & Clearing
        Corporation)

17.     Mandel & Mandel LLP (counsel for Financial Industry Regulatory
        Authority, Inc.)

18.     Mandel, David S. (counsel for Financial Industry Regulatory Authority, Inc.)

19.     Moore, K. Michael, U.S. District Court Judge, Southern District of Florida

20.     Orsini, Kevin J. (counsel for Robinhood Financial LLC)

*Donnahue George v. Ken Griffin, et al.*
No. 24-13718-D

21.    Quinn Emanuel Urquhart & Sullivan, LLP (counsel for Ken Griffin, Citadel Enterprise Americas LLC (formerly Citadel LLC), and Citadel Securities LLC)

22.    Robinhood Financial LLC

23.    Robinhood Markets, Inc. (stock ticker HOOD) (parent company of Robinhood Financial LLC)

24.    Ryan, Antony L. (counsel for Robinhood Financial LLC)

25.    Schulte, Tom K. (counsel for Robinhood Financial LLC)

26.    Shaffer, Derek L. (counsel for Ken Griffin, Citadel Enterprise Americas LLC (formerly Citadel LLC), and Citadel Securities LLC)

27.    Sternberg, Jason (counsel for Ken Griffin, Citadel Enterprise Americas LLC (formerly Citadel LLC), and Citadel Securities LLC)

28.    Sukiennik, Brittany L. (counsel for Robinhood Financial LLC)

29.    Unikowsky, Adam G. (counsel for The Depository Trust & Clearing Corporation)

30.    Valle, Alicia O., U.S. Magistrate Judge, Southern District of Florida

*Donnahue George v. Ken Griffin, et al.*
No. 24-13718-DD

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is not necessary or warranted because the facts and legal arguments in this appeal are adequately presented in the briefs and records and because this appeal presents no unique or controversial issues of law or fact. *See* 11th Cir. R. 28-1(c); Fed. R. App. P. 34(a)(2); 11th Cir. R. 34-3(b).

*Donnahue George v. Ken Griffin, et al.*
No. 24-13718-DD

## **TABLE OF CONTENTS**

**Page**

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT...............................................................C-1

STATEMENT REGARDING ORAL ARGUMENT .................................................i

JURISDICTIONAL STATEMENT ..............................................................v

INTRODUCTION ...............................................................................1

STATEMENT OF THE ISSUES....................................................................2

STATEMENT OF THE CASE......................................................................3

    A.    George's Claims ....................................................................3

    B.    Course Of Proceedings And Disposition Below.................................5

        1.    George's Initial And Amended Complaints .............................5

        2.    George's First Appeal .................................................7

        3.    The District Court Re-Opens And Dismisses The Case............8

STANDARD OF REVIEW ........................................................................10

SUMMARY OF ARGUMENT ...................................................................11

ARGUMENT .....................................................................................12

I.    THE DISTRICT COURT CORRECTLY DISMISSED GEORGE'S SECOND AMENDED COMPLAINT WITH PREJUDICE.......................12

    A.    The Second Amended Complaint Fails To State A Claim Upon Which Relief Can Be Granted...............................................12

        1.    The Second Amended Complaint Fails To State A Breach Of Contract Claim....................................................12

        2.    The Second Amended Complaint Fails To State A Civil RICO Claim ......................................................14

        3.    The Second Amended Complaint Fails To State An Antitrust Claim.......................................................17

        4.    The Second Amended Complaint Fails To State A Civil Rights Claim ........................................................21

*Donnahue George v. Ken Griffin, et al.*
No. 24-13718-DD

  B. The District Court Correctly Dismissed George's Second
    Amended Complaint With Prejudice ...................................21

II. GEORGE CANNOT AVOID DISMISSAL BY CONTESTING THE
  TIMELINESS OF THE MOTIONS TO DISMISS ......................................25

CONCLUSION....................................................................................27

CERTIFICATE OF COMPLIANCE........................................................30

CERTIFICATE OF SERVICE ...............................................................31

*Donnahue George v. Ken Griffin, et al.*
No. 24-13718-DD

## TABLE OF CITATIONS

**Page**

### Cases

*Am. Dental Ass'n v. Cigna Corp.*,
  605 F.3d 1283 (11th Cir. 2010) ..........................................................16

*Ambrosia Coal & Const. Co. v. Pages Morales*,
  482 F.3d 1309 (11th Cir. 2007) ..........................................................16

*Andela v. Univ. of Miami*,
  692 F. Supp. 2d 1356 (S.D. Fla. 2010), *aff'd in relevant part*, 461
  F. App'x 832 (11th Cir. 2012) ..............................................18, 19, 20

*Andrews v. Columbia Gas Transmission Corp.*,
  544 F.3d 618 (6th Cir. 2008) ..............................................................22

*Bailey v. Allgas, Inc.*,
  284 F.3d 1237 (11th Cir. 2002) ..........................................................19

*Birmingham v. Doe*,
  2022 WL 18134962 (S.D. Fla. Dec. 6, 2022), *R. & R. adopted sub
  nom.*, *Birmingham v. ROFX.net*, 2023 WL 112308 (S.D. Fla.
  Jan. 5, 2023) ........................................................................................16

*Chrysler Intern. Corp. v. Chemaly*,
  280 F.3d 1358 (11th Cir. 2002) ..........................................................10

*Cisneros v. Petland, Inc.*,
  972 F.3d 1204 (11th Cir. 2020) ..........................................................14

*Cofield v. Alabama Pub. Serv. Comm'n*,
  936 F.2d 512 (11th Cir. 1991) ............................................................21

*Comm. on the Conduct of Att'ys v. Oliver*,
  510 F.3d 1219 (10th Cir. 2007) ..........................................................22

*Donnahue George v. Ken Griffin, et al.*
No. 24-13718-DD

*Demar v. U.S.*,
  228 F. App'x 940 (11th Cir. 2007) ...................................................26

*Doe #1 v. Red Roof Inns, Inc.*,
  21 F.4th 714 (11th Cir. 2021) .........................................................10

*Duty Free Ams., Inc. v. Estee Lauder Cos., Inc.*,
  797 F.3d 1248 (11th Cir. 2015) ......................................................18

*Frone v. JP Morgan Chase & Co.*,
  695 F. App'x 468 (11th Cir. 2017) ..................................................13

*Georgakis v. Illinois State Univ.*,
  722 F.3d 1075 (7th Cir. 2013) ........................................................21

*George v. Comm'r of Soc. Sec.*,
  No. 19-cv-01799-FAM (S.D. Fla. Dec. 23, 2019), *aff'd*, 828 F.
  App'x 699 (11th Cir. 2020), *cert. denied sub nom.*, 142 S. Ct. 111
  (2021) ..................................................................................................2

*George v. Griffin, et al.*,
  2024 WL 366388 (11th Cir. Jan. 31, 2024) ..................................2, 7

*George v. Snyder et al.*,
  No. 19-cv-61827-RAR (S.D. Fla. Apr. 27, 2020), *aff'd sub nom.*,
  *George v. Snyder*, 847 F. App'x 544 (11th Cir. 2021), *cert. denied*,
  142 S. Ct. 85 (2021)............................................................................2

*Godlove v. Bamberger, Foreman, Oswald, & Hahn*,
  903 F.2d 1145 (7th Cir. 1990) ........................................................22

*Gose v. Native Am. Servs. Corp.*,
  109 F.4th 1297 (11th Cir. 2024) .....................................................14

*Graham v. Wells Fargo Bank, N.A.*,
  716 F. App'x 831 (11th Cir. 2017)..................................................21

*H.J. Inc. v. Nw. Bell Tel. Co.*,
  492 U.S. 229 (1989)..........................................................................14

*Handy v. Cook*,
  476 F. App'x 844 (11th Cir. 2012)..................................................23

*Donnahue George v. Ken Griffin, et al.*
No. 24-13718-DD

*Huffman v. Lindgren*,
   81 F.4th 1016 (9th Cir. 2023) ............................................................22

*Jannuzzo v. Glock, Inc.*,
   721 F. App'x 880 (11th Cir. 2018) .................................................14

*McArthur Dairy, LLC v. McCowtree Bros. Dairy, Inc.*,
   2011 WL 2118701 (S.D. Fla. May 27, 2011) ...............................19

*Meadows Lake N. Condo. Ass'n, Inc. v. Westchester Surplus Lines*
   *Ins. Co.*,
   2019 WL 5432110 (S.D. Fla. Oct. 21, 2019) ...............................13

*Morris Commc'ns Corp. v. PGA Tour, Inc.*,
   364 F.3d 1288 (11th Cir. 2004) ...............................................17, 19

*OJ Commerce, LLC v. KidKraft, Inc.*,
   34 F.4th 1232 (11th Cir. 2022) ...........................................17, 19, 20

*Palm Beach Cnty. Env't Coal. v. Fla.*,
   651 F. Supp. 2d 1328 (S.D. Fla. 2009) .........................................14

*Perez Cisneros v. Fed. Ins. Co.*,
   2019 WL 3407131 (S.D. Fla. June 25, 2019) ...............................13

*R4 Transp. & Logistics, LLC v. J.A.G. Express Corp.*,
   2022 WL 255436 (S.D. Fla. Jan. 27, 2022) ..................................15

*Real v. Moran*,
   2023 WL 6891273 (11th Cir. Oct. 19, 2023) ......................21, 22, 24

*Republic of Panama v. BCCI Holdings*,
   119 F.3d 935 (11th Cir. 1997) .......................................................16

*Sapuppo v. Allstate Floridian Ins. Co.*,
   739 F.3d 678 (11th Cir. 2014) .......................................................20

*Smith v. Psychiatric Sols., Inc.*,
   750 F.3d 1253 (11th Cir. 2014) .....................................................25

*Spraggins v. Florida*,
   2016 WL 7206702 (N.D. Fla. Nov. 8, 2016).................................12

*Donnahue George v. Ken Griffin, et al.*
No. 24-13718-DD

*Timson v. Sampson*,
   518 F.3d 870 (11th Cir. 2008) ...................................................................20

*Tracy v. Freshwater*,
   623 F.3d 90 (2d Cir. 2010) .........................................................................22

*United States v. Anzalone*,
   626 F.2d 239 (2d Cir. 1980) .......................................................................17

*United States v. Campbell*,
   26 F.4th 860 (11th Cir.), *cert. denied*, 143 S. Ct. 95 (2022) .............................24

*Wilson v. Farley*,
   203 F. App'x 239 (11th Cir. 2006) ...............................................................24

*Young Apartments, Inc. v. Town of Jupiter, FL*,
   529 F.3d 1027 (11th Cir. 2008) ...................................................................10

## Statutes

15 U.S.C. §§ 1-7 (Sherman Act).........................................................4, 17, 18, 19, 20

15 U.S.C. § 2 ...............................................................................................17, 18

18 U.S.C. § 8 ....................................................................................................17

18 U.S.C. § 471 .................................................................................................17

18 U.S.C. §§ 1961-1968 (RICO Act) ...........................................1, 3, 11, 14, 15, 16

28 U.S.C. § 1915(d) ...........................................................................................21

## Rules / Other Authorities

Fed. R. Civ. P. 8 ...............................................................................................13

Fed. R. Civ. P. 9(b) .................................................................................11, 14, 15

Fed. R. Civ. P. 12(a)(1)(C) ..................................................................................25

Fed. R. Civ. P. 37 ...............................................................................................7

iv

*Donnahue George v. Ken Griffin, et al.*
No. 24-13718-DD

## JURISDICTIONAL STATEMENT

Jurisdiction was proper in the district court under 28 U.S.C. § 1331 because George alleged violations of the Sherman Act, 15 U.S.C. §§ 1-7, and the Racketeer Influenced and Corrupt Organizations Act, 18 U. S. C. §§ 1961-1968. The district court had supplemental jurisdiction over the state law breach of contract claim under 28 U.S.C. § 1367, as this claim was part of the same alleged case or controversy.

On November 4, 2024, the district court entered a final judgment dismissing the action, and George filed a notice of appeal on November 12, 2024. ECF No. 166 at 4; Notice of Appeal, ECF No. 1, *George v. Griffin, et al.*, No. 24-13718 (11th Cir. Nov. 12, 2024). Accordingly, this Court has appellate jurisdiction under 28 U.S.C. § 1291, which provides "jurisdiction of appeals from all final decisions of the district courts of the United States."

*Donnahue George v. Ken Griffin, et al.*
No. 24-13718-DD

## INTRODUCTION

The district court correctly dismissed *pro se* Plaintiff-Appellant Donnahue George's ("George") Second Amended Complaint with prejudice. Despite having had three opportunities to state his case, George failed repeatedly to plead any plausible facts or the elements of any claim. As the district court correctly found in its order dismissing this case with prejudice, George's pleading was no more than "a statement of beliefs by [George] as to his general skepticism and distrust of the government and American financial institutions."

In his Second Amended Complaint, George claimed that Defendants conspired to create a monopoly and manipulate the prices of GameStop and AMC stock in violation of the antitrust laws, the civil RICO act, and his civil rights. George further claimed that Defendants breached some unspecified "[c]ontract with the American people to insure an open and fair market." According to George, Defendants' purported conduct caused him and "the entire worlds [*sic*] economic system" harm.

On appeal, George repackages his unsupported conspiratorial allegations without meaningfully addressing the trial court's dispositive ruling or the inadequacy of his pleading. Just as before the trial court, George has not "provided . . . a basis upon which this Court could grant Plaintiff relief." And George's procedural argument—that Defendants' motions to dismiss were untimely—is

1

*Donnahue George v. Ken Griffin, et al.*
No. 24-13718-DD

simply wrong: all of the motions to dismiss were filed within days of remand from George's prior appeal, well within the district court's briefing deadlines.

After more than three years of litigation and extreme forbearance by the district court, this litigation was properly put to an end. Just as below, George advances no meritorious arguments here. Indeed, this is George's *fourth* appeal to this Court in recent years; he is a disbarred attorney turned serial *pro se* litigant.[1] This Court should affirm the district court's judgment dismissing with prejudice George's third failed attempt to state a claim.

## STATEMENT OF THE ISSUES

1.     Whether the district court correctly dismissed George's Second Amended Complaint with prejudice.

2.     Whether the Court properly considered Defendants' motions to dismiss.

---

[1]    *See* Opinion, ECF No. 33, *George v. Griffin, et al.*, 2024 WL 366388, at *1 (11th Cir. Jan. 31, 2024) ("*George I*") (remanding George's prior appeal in this action as prematurely filed); *George v. Comm'r of Soc. Sec.*, Order Adopting M.J.'s R&R, ECF No. 28, No. 19-cv-61799-FAM (S.D. Fla. Dec. 23, 2019), *aff'd*, 828 F. App'x 699 (11th Cir. 2020), *cert. denied sub nom.*, 142 S. Ct. 111 (2021) (affirming denial of motion filed by George); *George v. Snyder et al.*, Order Granting Defs.' Mot. to Dismiss, ECF No. 42, No. 19-cv-61827-RAR (S.D. Fla. Apr. 27, 2020), *aff'd sub nom.*, *George v. Snyder*, 847 F. App'x 544 (11th Cir. 2021) (affirming dismissal with prejudice of George's complaint), *cert. denied*, 142 S. Ct. 85 (2021).

*Donnahue George v. Ken Griffin, et al.*
No. 24-13718-DD

## STATEMENT OF THE CASE

### A.    George's Claims

George's second amended complaint ("Second Amended Complaint" or "SAC"), Appellees' Appendix at 22-40, alleges that Defendants orchestrated a vast conspiracy to manipulate the prices of "meme stocks" GameStop ("GME") and AMC Entertainment Holdings ("AMC").  He asserts four claims against Defendants:

**Breach of contract claim.**  George alleges that the Financial Industry Regulatory Authority, Inc. ("FINRA"), the Depository Trust & Clearing Corporation ("DTCC"), the Securities and Exchange Commission ("SEC"), and the Commodity Futures Trading Commission ("CFTC") breached a purported "[c]ontract with the American people" and "the entire worlds [*sic*] economic system" to "insure a fair and open Market."  *Id.* at 24, 27 (SAC).  George alleges that the breach is like "a bank robbery" where instead of arresting the robbers, police "take a cut of the ill-gotten proceeds and then let the bank robbers keep the rest."  *Id.* at 24 (SAC).  George provides no other details as to this supposed contract or its breach.

**Civil RICO claim.**  George alleges Defendants conspired to "commit[] wire fraud by electronically sending fake counterfeit shares" through his trading accounts in violation of the civil RICO act.  *Id.* at 30 (SAC).  This conspiracy purportedly also involves coordinated "ladder attacks" and the "unconstitutional" routing of orders to

3

*Donnahue George v. Ken Griffin, et al.*
No. 24-13718-DD

manipulate stock prices. *Id.* at 30-31, 38 (SAC). George does not allege any details of the wire fraud or the alleged "fake counterfeit shares," or provide any plausible facts in support of this claim.

**Antitrust claim.** George alleges that the Citadel Defendants[2] "control the price of any stock that they have set their sights on." *Id.* at 35 (SAC). He argues in conclusory fashion that "[t]he unprecedented growth of Citadel and its Business acumen meets all the requirements for a violation of the Sherman act and establishes Ken Griffin, Citadel LLC Citadel Securities and Citadel Connect as an illegal monopoly." *Id.* (SAC). George does not plead any details or facts in support of these allegations.

**Civil rights claim.** George alleges that Defendants created a system of financial regulations that gives "an unfair legal advantage to a certain segment of society while marginalizing another segment of society." *Id.* at 38 (SAC). He contends these regulations are designed to "keep American citizens from achieving the American dream" and "are very similar to the JIM CROW laws from the 19th century . . . and therefore unconstitutional." *Id.* (SAC). George's appellate brief does not address this claim.

---

[2]    The "Citadel Defendants" are Defendants-Appellees Kenneth Griffin, Citadel Enterprise Americas LLC (formerly Citadel LLC) and Citadel Securities LLC.

*Donnahue George v. Ken Griffin, et al.*
No. 24-13718-DD

**Damages.**  George asserts that Defendants' supposed misconduct caused him unspecified personal losses of "$1,700,000.00" and lost "other retail investors millions of dollars."  *Id.* at 22, 40 (SAC).  George also seeks $100,000,000 in punitive damages to "punish the defendants."  *Id.* at 40 (SAC).

### B.    Course Of Proceedings And Disposition Below

#### 1.    George's Initial And Amended Complaints

On August 17, 2021, George filed his initial complaint against Ken Griffin, "Citadel Securities Market Maker," "Citadel Connect Dark Pool," "Citadel LLC Hedge Fund," Robinhood Financial LLC ("Robinhood"), Webull Financial LLC ("Webull"), FINRA, the DTCC, the SEC, and the CFTC.  Appellant's Appendix at 29 (ECF No. 1).  George's initial complaint alleged substantially the same claims described above.  *See id.*

On August 18, 2021, the district court entered a Pretrial Order directing the Parties to (i) hold a scheduling conference no later than 20 days after the filing of the first responsive pleading by the last responding defendant, or within 60 days after the filing of the complaint, provided all of the defendants have been served by the deadline, whichever occurred first, and (ii) file a joint scheduling report within ten days of the scheduling conference.  Appellees' Appendix at 1 (ECF No. 5).  The Pretrial Order provided that, "if all defendants have not been served by the expiration of" the deadline to hold a scheduling conference, "Plaintiff shall move for an

5

*Donnahue George v. Ken Griffin, et al.*
No. 24-13718-DD

enlargement of time to hold the scheduling conference." *Id.* The district court cautioned that failure to file a joint scheduling report "may result in dismissal, default, and the imposition of other sanctions including attorney's fees and costs." *Id.*

On September 7, 2021—before any of the Defendants responded to his initial complaint—George filed an amended complaint. Appellant's Appendix at 54 (ECF No. 8) ("First Amended Complaint"). Shortly thereafter, the Citadel Defendants and Robinhood agreed to accept service and set a deadline to respond to the First Amended Complaint of November 22, 2021. *See* Appellees' Appendix at 3-4, 10 (ECF Nos. 17, 20). After FINRA and the DTCC waived service, their deadlines became November 8 and 29, 2021, respectively. *Id.* at 9, 11 (ECF Nos. 19, 22). No deadline was set for the SEC, the CFTC, or Webull to respond to the First Amended Complaint because George did not serve those parties.

On October 29, 2021, before any Defendant's response to the First Amended Complaint was due, the district court *sua sponte* dismissed the case without prejudice due to George's failure to serve all Defendants and to file a joint scheduling report, as required by the district court's August 18, 2021 Pretrial Order. *Id.* at 13 (ECF No. 51). The district court stated that George could move to reopen the matter "upon filing a joint scheduling report." *Id.*

6

On November 4, 2021—days after the district court dismissed the case—George filed a Second Amended Complaint, Appellees' Appendix at 22-40 (SAC), which the district court ultimately accepted as George's operative pleading, *see* Appellant's Appendix at 172 (ECF No. 166).

### 2.    George's First Appeal

Rather than serving all parties and conferring with Defendants to prepare a joint scheduling report as directed by the district court, George appealed to this Court from the dismissal without prejudice of the First Amended Complaint. *George I* at *1; Appellees' Appendix at 90 (ECF No. 71). George argued his case should be reopened and Defendants should be compelled to participate in creating the joint scheduling report. *George I* at *1. He also appealed "the district court's rulings on his related motions to reopen the case, require Defendants to participate in the scheduling process, impose Rule 37 sanctions, and grant preliminary injunctive relief, among other things." *Id.*[3]

A panel of this Court remanded, finding it "evident from the procedural history" that George had "filed the appeal prematurely." *Id.* at *4. The panel noted

---

[3]    After the district court closed the case, George filed "numerous motions seeking different forms of essentially the same relief: an order reopening the case and requiring Defendants to participate in the scheduling process." *George I* at *4; *see* Appellees' Appendix at 14, 41, 47, 50, 66, 67, 76, 82 (ECF Nos. 52, 55, 56, 59, 62, 65, 66, 69).

*Donnahue George v. Ken Griffin, et al.*
No. 24-13718-DD

that George did not provide "the [district] court an opportunity to rule on the matter" and also "did not respond" to any of Defendants' arguments regarding his faulty service on the SEC or his purported voluntary dismissal of Webull and the CFTC. *Id.*

### 3. The District Court Re-Opens And Dismisses The Case

After remand, George moved to re-open the case on February 16, 2024. Appellees' Appendix at 92, 98 (ECF No. 80). The district court denied his motion and again explained that George could move to reopen only after properly serving all Defendants and proceeding with the joint scheduling report—neither of which George had done. *Id.* at 112 (ECF No. 87). The district court explained to George how to effect service on the SEC and encouraged him to coordinate with Defendants' counsel to prepare a joint scheduling report. *Id.* Rather than serve the SEC, George moved to dismiss the SEC, whereupon the district court "liberally constru[ed]" the motion as a notice of voluntary dismissal and dismissed the agency. *Id.* at 113, 117 (ECF Nos. 88, 89).[4]

George filed a joint scheduling report on March 25, *Id.* at 118 (ECF No. 96), and the district court reopened the case on April 2, *Id.* at 127 (ECF No. 98). In that

---

[4] The district court also dismissed defendants Webull and the CFTC, who George had previously moved to dismiss. *See* Appellees' Appendix at 80, 117 (ECF Nos. 68, 89).

order, the district court stated that "[a]ll previously issued orders in this action remain in effect except those inconsistent with this Order." *Id.* Defendants then timely moved to dismiss the Second Amended Complaint, filing their motions on April 12, 2024, ten days after the district court reopened the case. *See* Appellant's Appendix at 73 (ECF No. 105) (FINRA's Motion to Dismiss); *Id.* at 85 (ECF No. 106) (DTCC's Motion to Dismiss); *Id.* at 98 (ECF No. 107) (Citadel Defendants' Motion to Dismiss); *Id.* at 118 (ECF No. 109) (Robinhood's Motion to Dismiss).[5]

The district court granted Defendants' motions and dismissed the Second Amended Complaint with prejudice. Appellant's Appendix at 172 (ECF No. 166). Despite having filed "three versions of the Complaint," the court found George was still unable to provide a "basis upon which this Court could grant Plaintiff relief." *Id.* at 175.[6] The Second Amended Complaint, the district court explained, did "not clearly allege violations of law," but was merely "a statement of beliefs by [George]

---

[5] While those motions were pending, George filed a facially-defective motion for summary judgment on April 26, 2024. *See* Appellees' Appendix at 128, 143 (ECF Nos. 135, 151). The court *sua sponte* denied this motion on May 10, 2024 as "premature and procedurally defective," and explained in its order how George could file a procedurally sound motion for summary judgment. *See id.* at 143 (ECF No. 151).

[6] The district court also found the Complaint constituted an "impermissible 'shotgun' pleading, which impedes the effective administration of justice," *id.* at 174-75— a ruling that George has not meaningfully challenged on appeal. *See infra* note 13.

*Donnahue George v. Ken Griffin, et al.*
No. 24-13718-DD

as to his general skepticism and distrust of the government and American financial institutions." *Id.* at 173.

The district court identified multiple fatal deficiencies in the Second Amended Complaint. On the breach of contract claim, the court specifically found that George was unable to "allege the existence of a contract between Plaintiff and Defendants." *Id.* at 174. As to the antitrust violations, the district court found that, even if George alleged Defendants "possess Monopoly power," the Second Amended Complaint "lacks a basis upon which the Court could grant relief." *Id.* at 173.

George noticed this appeal on November 12, 2024. *See* Notice of Appeal, ECF No. 1, *George v. Griffin, et al.*, No. 24-13718 (11th Cir. Nov. 12, 2024).

## STANDARD OF REVIEW

This Court "review[s] an order granting a motion to dismiss with prejudice *de novo*, applying the same standards the district court used." *Young Apartments, Inc. v. Town of Jupiter, FL*, 529 F.3d 1027, 1037 (11th Cir. 2008); *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 723 (11th Cir. 2021).[7] And the Court reviews for abuse of discretion a district court's management of its own docket, including its scheduling decisions. *Chrysler Intern. Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002) ("[W]e stress the broad discretion district courts have in managing their cases. . . .

---

[7] Defendants disagree with George to the extent he argues the standard of review for this issue is abuse of discretion. *See* Appellant's Brief ("Br.") at 13.

10

*Donnahue George v. Ken Griffin, et al.*
No. 24-13718-DD

Given the caseload of most district courts and the fact that cases can sometimes stretch out over years, district courts must have discretion and authority to ensure that their cases move to a reasonably timely and orderly conclusion.").

## SUMMARY OF ARGUMENT

The district court correctly dismissed the Second Amended Complaint with prejudice. The Second Amended Complaint failed to state a claim under any asserted cause of action: (1) the breach of contract claim rested on a fictitious "contract" between Defendants and the American people; (2) the civil RICO claim was devoid of the particularized allegations required by Rule 9(b); (3) the antitrust claim failed to define any relevant market or allege monopoly power; and (4) the civil rights claim was defective because none of the Defendants is a state actor (and, in any event, George abandoned this claim on appeal).

Separately, George's argument that Defendants' motions to dismiss were untimely is meritless. All Defendants filed their motions just ten days after the case was reopened. Even assuming that Defendants' deadlines were not reset by the closing of this case, under the district court's order, Defendants still had fourteen days remaining to file their motions to dismiss when the case was closed.

*Donnahue George v. Ken Griffin, et al.*
No. 24-13718-DD

## ARGUMENT

## I.    THE DISTRICT COURT CORRECTLY DISMISSED GEORGE'S SECOND AMENDED COMPLAINT WITH PREJUDICE

### A.    The Second Amended Complaint Fails To State A Claim Upon Which Relief Can Be Granted

As the district court observed, despite having three opportunities to state a claim, George's pleading did not come close to meeting "the standard for plausibility articulated in *Iqbal* and *Twombly*."  Appellant's Appendix at 174 (ECF No. 166).

### 1.    The Second Amended Complaint Fails To State A Breach Of Contract Claim

The district court correctly dismissed George's breach of contract claim with prejudice because the Second Amended Complaint failed to allege any contractual obligation, let alone any breach thereof, or how any supposed breach caused George harm.

*First*, characterizing his breach of contract claim as "not traditional," George argues that he correctly pled the existence of contractual obligations between Defendants[8] and the American people under a "broad understanding of 'contract.'" Appellant's Br. at 17.  This claim fails because a breach of the "American Social Contract" is not actionable as a matter of law.  *See Spraggins v. Florida*, 2016 WL 7206702, at *2 (N.D. Fla. Nov. 8, 2016) (dismissing breach of contract claim where

---

[8]    The Citadel Defendants and Robinhood are not alleged to be part of this contract.  *See* Appellees' Appendix at 24, 27 (SAC).

*Donnahue George v. Ken Griffin, et al.*
No. 24-13718-DD

plaintiff alleged the underlying contract was based on his "alleged status as an intended beneficiary of the American Social Contract" (cleaned up)).

*Second*, even if a plaintiff could state a claim for breach of a "social contract," George failed to do so.  The Second Amended Complaint merely alleged that Defendants "breached the contract by turning a blind eye to the irregularities and illegal acts in the market."  Appellees' Appendix at 24 (SAC).  This vague allegation failed to identify any specific contractual obligation that was violated or explain how Defendants' "turning a blind eye" constituted a material breach of any such obligation.  *See Perez Cisneros v. Fed. Ins. Co.*, 2019 WL 3407131, at *2 (S.D. Fla. June 25, 2019) (dismissing breach of contract claim that failed to allege "what obligations [d]efendant had under the Policy, how [d]efendant breached those obligations, and what specific damages [p]laintiff has suffered"); *see also Meadows Lake N. Condo. Ass'n, Inc. v. Westchester Surplus Lines Ins. Co.*, 2019 WL 5432110, at *1 (S.D. Fla. Oct. 21, 2019) (holding "conclusory statements do not satisfy Rule 8" where plaintiff merely alleged general breach without specifics).

*Third,* George failed to plausibly plead that Defendants' alleged breach caused damages.  George merely asserted that "turning a blind eye" and "allow[ing] this malfeasance to continue, cost[] Donnahue George losses of $1,700,000.00 and other retail investors millions of dollars."  Appellees' Appendix at 24 (SAC).  This is insufficient—George failed to plead that his damages were proximately caused by

13

*Donnahue George v. Ken Griffin, et al.*
No. 24-13718-DD

the breach or could have reasonably expected to flow from the breach. *See, e.g.*,

*Frone v. JP Morgan Chase & Co.*, 695 F. App'x 468, 471 (11th Cir. 2017) (affirming

dismissal of *pro se* plaintiff's breach of contract claim because he "failed to

sufficiently plead damages resulting from the alleged breach to support their breach

of contract claim").

> **2.    The Second Amended Complaint Fails To State A Civil RICO Claim**

The district court correctly dismissed George's civil RICO claim with

prejudice because, among other reasons, the Second Amended Complaint's

allegations do not contain any plausible support for the claim or establish the

elements of any predicate act.

"A private plaintiff suing under the civil provisions of RICO must plausibly

allege six elements: that the defendants (1) operated or managed (2) an enterprise

(3) through a pattern (4) of racketeering activity that included at least two predicate

acts of racketeering, which (5) caused (6) injury to the business or property of the

plaintiff." *Cisneros v. Petland, Inc.*, 972 F.3d 1204, 1211 (11th Cir. 2020). A

plaintiff must also plead that the predicate acts "pose a threat of continued criminal

activity." *Palm Beach Cnty. Env't Coal. v. Fla.*, 651 F. Supp. 2d 1328, 1350

(S.D. Fla. 2009) (citing *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 240 (1989)).

Civil RICO claims must be pled with an increased level of specificity because they

*Donnahue George v. Ken Griffin, et al.*
No. 24-13718-DD

"are essentially a certain breed of fraud claims." *Jannuzzo v. Glock, Inc.*, 721 F. App'x 880, 884 (11th Cir. 2018); *see, e.g.*, *Gose v. Native Am. Servs. Corp.*, 109 F.4th 1297, 1318 (11th Cir. 2024) (holding that Rule 9(b) requires that the complaint "sufficiently identifies the who, what, where, when, and how").

George argues that his RICO claim should have survived because he alleged "Defendants' involvement in a continuous enterprise [of] racketeering activities," that his "allegations of wire fraud and counterfeiting . . . meet the requirement of citing at least two predicate acts," and that he "clearly articulated the harm caused by [Defendants' alleged] actions." Appellant's Br. at 16-17. As the district court correctly held, the Second Amended Complaint "does not clearly allege any basis for which this Court could grant relief." Appellant's Appendix at 174 (ECF No. 166).

Bare allegations that Defendants conspired to "commit[] wire fraud by electronically sending fake counterfeit shares" and coordinated the "unconstitutional" routing of orders to manipulate stock prices, Appellees' Appendix at 30-31, 38 (SAC), are not sufficiently particularized for the purposes of Rule 9(b). The Second Amended Complaint did not contain any particularized allegations whatsoever, let alone allegations sufficient to meet the heightened pleading standards of Rule 9(b). *See, e.g.*, *R4 Transp. & Logistics, LLC v. J.A.G. Express Corp.*, 2022 WL 255436, at *3 (S.D. Fla. Jan. 27, 2022) (dismissing RICO

15

*Donnahue George v. Ken Griffin, et al.*
No. 24-13718-DD

claims without leave to amend because plaintiffs "failed to plead their claims with the specificity required by Rule 9(b)" and only "provide[d] conclusory allegations").

Moreover, George improperly lumped together all the Defendants in his allegations of fraud. *See, e.g.*, Appellees' Appendix at 25-26 (SAC) ("The Defendants . . . committed wire fraud . . . ."). None of these allegations identified which of the Defendants purportedly committed the alleged crimes. *See id.* This is an independent basis to dismiss his civil RICO claim. *See, e.g.*, *Ambrosia Coal & Const. Co. v. Pages Morales*, 482 F.3d 1309, 1317 & n.12 (11th Cir. 2007) (concluding that plaintiff "failed to plead its civil RICO claims against each defendant" because the complaint did not "discuss the nature of each defendant's participation in the scheme").

George also failed to allege facts to support his claims of wire fraud and counterfeiting, the two predicate acts named in the Second Amended Complaint. *See, e.g.*, *Republic of Panama v. BCCI Holdings*, 119 F.3d 935, 948-49 (11th Cir. 1997) ("[T]o survive a motion to dismiss, a plaintiff must allege facts sufficient to support each of the statutory elements for at least two of the pleaded predicate acts."). For wire fraud, George failed to identify any material misrepresentation

*Donnahue George v. Ken Griffin, et al.*
No. 24-13718-DD

whatsoever[9] and failed to plead the use of the interstate wires in furtherance of the purported scheme. *See, e.g.*, *Birmingham v. Doe*, 2022 WL 18134962, at *18 (S.D. Fla. Dec. 6, 2022) (finding a "general attribution of all fraudulent statements to each instance of wire fraud" insufficient to establish the predicate act of wire fraud in a RICO claim), *R. & R. adopted sub nom.*, *Birmingham v. ROFX.net*, 2023 WL 112308 (S.D. Fla. Jan. 5, 2023). Likewise, for counterfeiting, George failed to allege any "intent to defraud" by the unspecified Defendants alleged to have engaged in this "counterfeiting." *See* Appellees' Appendix at 30 (SAC).[10]

### 3. The Second Amended Complaint Fails To State An Antitrust Claim

The district court properly dismissed George's antitrust claim with prejudice because George did not plead any of the required elements of his claim.

---

[9] Even if somehow all of the Defendants intentionally "[sold] fake synthetic shares into the market that they knew did not exist and . . . wired nothing" to George, which they did not, he does not explain (1) what the Defendants represented; (2) that this representation was material; or (3) that the representation was false. *See, e.g.*, *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291-92 (11th Cir. 2010) (upholding dismissal of RICO claim because, *inter alia*, plaintiff failed to plead "specific misrepresentations" and thus "the complaint has not alleged a right to relief that is plausible on its face") (internal quotation marks omitted).

[10] Further, the products George alleged were counterfeited—GME and AMC shares—are not an "obligation or other security of the United States." 18 U.S.C. § 471. By no plausible measure does this definition encompass shares of stock in a publicly-traded company, which are issued by the company—not the United States. *Id.*; *cf. United States v. Anzalone*, 626 F.2d 239, 243 (2d Cir. 1980) (holding that even bonds "guaranteed as to principal and interest by the United States" are not an obligation or other security of the United States under 18 U.S.C. § 8).

*Donnahue George v. Ken Griffin, et al.*
No. 24-13718-DD

A claim under Section 2 of the Sherman Act[11] has two elements: "(1) the possession [by the defendant] of monopoly power in the relevant market and (2) the willful acquisition or maintenance of that power as distinguished from growth or development as a consequence of a superior product, business acumen, or historic accident." *OJ Commerce, LLC v. KidKraft, Inc.*, 34 F.4th 1232, 1244 (11th Cir. 2022) (citing *Morris Commc'ns Corp. v. PGA Tour, Inc.*, 364 F.3d 1288, 1293-94 (11th Cir. 2004)). In addition, to state a claim for a violation of the Sherman Act, a plaintiff must allege injury to competition. *See, e.g.*, *Andela v. Univ. of Miami*, 692 F. Supp. 2d 1356, 1375, 1378 (S.D. Fla. 2010) (explaining that an antitrust plaintiff "must allege and prove harm to competition in general" and not "merely allege[] his own personal grievance"), *aff'd in relevant part*, 461 F. App'x 832, 837 (11th Cir. 2012).

George argues that the trial court erred in dismissing his antitrust claim because he alleged "specific manipulative strategies such as 'ladder attacks' and 'fabricated naked shorts,'" and provided "a sufficient factual basis to claim disruption of market integrity and competitive conditions." Appellant's Br. at 16. These allegations do not come close to adequately pleading a Sherman Act violation.

---

[11] The only antitrust cause of action in the Second Amended Complaint is a Section 2 monopolization claim. *See* Appellees' Appendix at 34-35 (SAC).

18

*Donnahue George v. Ken Griffin, et al.*
No. 24-13718-DD

*First*, as the district court correctly held, George failed to allege a relevant market and, as a result, "the Complaint . . . lacks a basis upon which the Court could grant relief." Appellant's Appendix at 174 (ECF No. 166). Although the Second Amended Complaint repeatedly referred to the "Market," "market," and "markets," George did not define or otherwise attempt to explain the relevant market. *See* Appellees' Appendix at 24-28, 30-36, 39-40 (SAC). This is fatal to George's Section 2 claim, because without defining a relevant market a plaintiff cannot allege that a defendant has monopoly power in that market. *Duty Free Ams., Inc. v. Estee Lauder Cos., Inc.*, 797 F.3d 1248, 1263 (11th Cir. 2015) (to survive a motion to dismiss, "the plaintiff must define the relevant market and establish that the defendants possessed power in that market").

*Second*, the district court correctly found no "basis upon which the Court could grant relief" because George failed to allege monopoly power. Appellant's Appendix at 173 (ECF No. 166). "[M]onopoly power[] is the power to control prices in or to exclude competition from the relevant market." *Morris*, 364 F.3d at 1294. The Second Amended Complaint did not allege the control of prices or the exclusion of competition. Nor did the Second Amended Complaint contain any allegations of market share—the "principal measure of monopoly power." *McArthur Dairy, LLC v. McCowtree Bros. Dairy, Inc.*, 2011 WL 2118701, at *6 (S.D. Fla. May 27, 2011) (citing *Bailey v. Allgas, Inc.*, 284 F.3d 1237, 1246 (11th Cir. 2002)). Instead, the

*Donnahue George v. Ken Griffin, et al.*
No. 24-13718-DD

Second Amended Complaint cursorily alleged that Defendants "have a unfair [sic] monopoly on the market." Appellees' Appendix at 35-36 (SAC). These allegations are only "labels and conclusions"—and as the district court found, they fail "to meet the standard for plausibility articulated in *Iqbal* and *Twombly*." Appellant's Appendix at 173 (ECF No. 166).

*Third*, the Court correctly found no "basis upon which the Court could grant relief" because George failed to allege any "willful acquisition or maintenance of [monopoly] power." *KidKraft, Inc.*, 34 F.4th at 1244 (citation omitted); *Andela*, 692 F. Supp. 2d at 1378 (dismissing a Sherman Act claim with prejudice where plaintiff "merely allege[d] his own personal grievance"). The Second Amended Complaint alleged nothing more than non-actionable, legitimate conduct. *Compare* Appellees' Appendix at 35 (SAC) ("The unprecedented growth of Citadel and its [b]usiness acumen meets all the requirements for a violation of the Sherman [A]ct.") *with KidKraft, Inc.*, 34 F.4th at 1244 (an antitrust plaintiff must show willful acquisition of power "*as distinguished from* growth or . . . *business acumen*" (emphasis added)).

*Finally*, George's antitrust claim failed because he did not plead injury to competition. Appellees' Appendix at 35 (SAC). Failure to allege injury to competition is an independent reason to dismiss a claim under the Sherman Act. *See Andela*, 692 F. Supp. 2d at 1378.

20

*Donnahue George v. Ken Griffin, et al.*
No. 24-13718-DD

**4. The Second Amended Complaint Fails To State A Civil Rights Claim**

George has forfeited his civil rights claim by failing to brief it on appeal—nowhere in his appellant brief did George even mention his civil rights claim. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority."); *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) ("While we read briefs filed by *pro se* litigants liberally . . . issues not briefed on appeal by a *pro se* litigant are deemed abandoned[.]" (citations omitted)).

In any event, like his other claims, George's claim is incurably defective because none of the Defendants are alleged to have engaged in state action. *See Graham v. Wells Fargo Bank, N.A.*, 716 F. App'x 831, 833 (11th Cir. 2017) ("[P]rivate parties . . . cannot be sued for violations of the Due Process Clause.").

**B. The District Court Correctly Dismissed George's Second Amended Complaint With Prejudice**

As the district court explained, dismissal with prejudice was appropriate because George had received "leave to amend his complaint on two separate occasions" and none of the "three versions of the Complaint . . . provided . . . a basis upon which [the] Court could grant Plaintiff relief." Appellant's Appendix at 175 (ECF No. 166).

21

*Donnahue George v. Ken Griffin, et al.*
No. 24-13718-DD

District courts have "inherent authority to control [their] dockets," and, once it is clear that further attempts by a litigant to amend would be "futile," a district court is justified in dismissing the complaint with prejudice. *Real v. Moran*, 2023 WL 6891273, at *2 (11th Cir. Oct. 19, 2023); *see Cofield v. Alabama Pub. Serv. Comm'n*, 936 F.2d 512, 515 (11th Cir. 1991) ("A district judge, under [28 U.S.C. § 1915(d)], 'may dismiss [a] case ... if satisfied that the action is frivolous or malicious.'" (alterations in original)). "A suit that either is frivolous or, though it is outside the court's jurisdiction for some other reason, intended to harass, can justifiably be dismissed with prejudice to avoid burdening the court system with a future suit that should not be brought—anywhere." *Georgakis v. Illinois State Univ.*, 722 F.3d 1075, 1078 (7th Cir. 2013).

In *Real*, a panel of this Court affirmed dismissal with prejudice of a serial *pro se* litigant's "conclusory and vague" complaint, noting that the appellant's "litigation history suggest[ed] that any further attempt to amend would have been futile." 2023 WL 6891273, at *1. The panel noted that the dismissed complaint was the appellant's fourth, and that he had received "ample guidance from both the magistrate judge and the district court as to how to organize his pleadings." *Id.* at *2. Agreeing with the district court that the litigant's complaint was a shotgun pleading, the Court affirmed dismissal on that basis. *Id.*

22

*Donnahue George v. Ken Griffin, et al.*
No. 24-13718-DD

It is clear from over three years of litigation and three separate complaints that George is unable to draft a complaint that coherently states a valid claim. For instance, George spills considerable ink on the inadequacy of financial regulation in the U.S. (which he likens to "JIM CROW laws from the 19th century"); describes financial regulators as police taking "a cut of ill-gotten proceeds [from] bank robbers"; and alleges that Defendants "breached the contract . . . with the entire worlds [*sic*] economic system." Appellees' Appendix at 24, 38 (SAC). As the district court wrote in finding that the Second Amended Complaint was a shotgun pleading,[12] a reader is simply "unable to discern any of Plaintiff's specific claims or when the relevant facts took place." Appellant's Appendix at 174 (ECF No. 166).

Nor was George left without guidance. To the contrary, George has twice been allowed to amend his complaint—the second time while the district court proceeding was closed, *see id.* at 54 (ECF Nos. 8) (First Amended Complaint), *id.* at 12 (ECF No. 46) (granting leave to file a second amended complaint)—and he received detailed guidance from the district court on how to comply with basic

---

[12]  The district court properly found the Second Amended Complaint to be an impermissible shotgun pleading because it is replete with conclusory and vague facts untethered to any cause of action. George did not attempt to challenge this ruling on appeal beyond making a single cursory reference to it in his opening brief. George has thus forfeited the issue on appeal. *See Handy v. Cook*, 476 F. App'x 844, 844 (11th Cir. 2012) (*pro se* appellant abandoned issue by failing to meaningfully present it on appeal).

*Donnahue George v. Ken Griffin, et al.*
No. 24-13718-DD

procedural requirements, *see, e.g.*, *id.* at 8 (ECF No. 18) (explaining how to effect service on the SEC); *id.* at 112 (ECF No. 87) (how to prepare a joint scheduling report); *id.* at 143 (ECF No. 151) (how to file a motion for summary judgment). Despite all of this, George's complaint has remained nearly identical ever since 2021.

In all events, George has forfeited any argument to the effect that the dismissal should have been without prejudice because he has not raised the issue on appeal. *United States v. Campbell*, 26 F.4th 860, 873 (11th Cir.), *cert. denied*, 143 S. Ct. 95 (2022) (forfeiture is "failure to raise an issue in an initial brief on direct appeal"); *see Real*, 2023 WL 6891273, at *2 ("Real does not argue on appeal that the district court should not have dismissed the complaint without first granting him leave to amend it, so any issue in that respect is forfeited."). Nor does any exception that might permit "resurrect[ion]" of the issue apply here. *Campbell*, 26 F.4th at 872-73 (in "extraordinary" circumstances, court may "resurrect" forfeited issue if "(1) the issue involves a pure question of law and refusal to consider it would result in a miscarriage of justice; (2) the party lacked an opportunity to raise the issue at the district court level; (3) the interest of substantial justice is at stake; (4) the proper resolution is beyond any doubt; or (5) the issue presents significant questions of general impact or of great public concern" (citation omitted)).

*Donnahue George v. Ken Griffin, et al.*
No. 24-13718-DD

## II. GEORGE CANNOT AVOID DISMISSAL BY CONTESTING THE TIMELINESS OF THE MOTIONS TO DISMISS

Contrary to George's suggestion, Appellant's Br. at 18-21, the district court properly considered all of the Defendants' motions to dismiss. "A district court [has] the inherent authority to manage its own docket." *See*, *e.g.*, *Wilson v. Farley*, 203 F. App'x 239, 250 (11th Cir. 2006). This includes "broad discretion in deciding how best to manage the cases before" it. *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014).

George argues that Defendants' motions to dismiss were foreclosed as untimely because they were due on September 28, 2021. That is wrong. FINRA's deadline to respond to George's First Amended Complaint was November 8, 2021. Appellees' Appendix at 9 (ECF No. 19). The Citadel Defendants and Robinhood's deadlines were November 22. *Id.* at 3, 10 (ECF Nos. 17, 20). And DTCC's deadline was November 29. *Id.* at 11 (ECF No. 22).

On October 29, 2021—ten days before the first of Defendants' motions to dismiss was due—the district court *sua sponte* dismissed the case for failure to submit a joint scheduling report. *Id.* at 13 (ECF No. 51). The district court reopened the case on April 2, 2024, and stated that "[a]ll previously issued orders in this action remain in effect." *Id.* at 127 (ECF No. 98). Therefore, when the district court reopened the case, FINRA had until April 12, 2024, to move to dismiss the First

25

*Donnahue George v. Ken Griffin, et al.*
No. 24-13718-DD

Amended Complaint—the same ten days that remained when the case was closed.[13]
Likewise, the Citadel Defendants and Robinhood still had 24 days to move to dismiss and DTCC still had 31 days, the same number of days that remained when the case was closed.

In the joint scheduling report, all Defendants offered to file their motions to dismiss by the same time as the first deadline, FINRA's, April 12, 2024, "[f]or reasons of judicial economy." *Id.* at 121 (ECF No. 96). That is what they proceeded to do. *See* Appellant's Appendix at 73 (ECF No. 105) (FINRA's Motion to Dismiss); *Id.* at 85 (ECF No. 106) (DTCC's Motion to Dismiss); *Id.* at 98 (ECF No. 107) (Citadel Defendants' Motion to Dismiss); *Id.* at 118 (ECF No. 109) (Robinhood's Motion to Dismiss).

Defendants' motions to dismiss were timely and Plaintiff's argument otherwise is without merit.[14] Even if Defendants' motions to dismiss were somehow untimely, however, the district court could still exercise its broad discretion to

---

[13]   Because the district court accepted George's Second Amended Complaint, filed when the case was closed, Appellant's Appendix at 172 n.1 (ECF No. 166), Defendants arguably should have had even more time to respond. *See* Fed. R. Civ. P. 12(a)(1)(C).

[14]   The fact that the district court did not address the timeliness "argument" does not create reversible error because, *inter alia*, George's argument is meritless. *See, e.g., Demar v. U.S.*, 228 F. App'x 940, 949 (11th Cir. 2007) ("We cannot say that the district court committed error in failing to mention this argument in its order, because the underlying contention lacks merit.").

*Donnahue George v. Ken Griffin, et al.*
No. 24-13718-DD

consider those motions to dismiss, or to dismiss the Second Amended Complaint *sua sponte*. Indeed, George does not even argue that the district court would have abused its discretion by considering the merits of motions to dismiss that were filed pursuant to a good-faith understanding, even assuming *arguendo* the technical deadline might have elapsed earlier.

## CONCLUSION

For the foregoing reasons, the dismissal with prejudice should be affirmed.

*Donnahue George v. Ken Griffin, et al.*
No. 24-13718-DD

DATED:  February 3, 2025                    Respectfully submitted,

                                            */s/ Derek L. Shaffer*

                                            **QUINN EMANUEL URQUHART &
                                            SULLIVAN, LLP**
                                            Derek L. Shaffer
                                            D.C. Bar. No. 478775
                                            1300 I Street NW, 9th Floor
                                            Washington, DC 20005
                                            Telephone: (202) 538-8000
                                            derekshaffer@quinnemanuel.com

                                            **QUINN EMANUEL URQUHART &
                                            SULLIVAN, LLP**
                                            Jason D. Sternberg
                                            Fla. Bar No. 72887
                                            2601 South Bayshore Drive, Suite 1550
                                            Miami, FL 33133
                                            Telephone: (561) 213-5635
                                            jasonsternberg@quinnemanuel.com

                                            **QUINN EMANUEL URQUHART
                                            & SULLIVAN, LLP**
                                            Peter H. Fountain
                                            New York Bar No. 5430293
                                            295 Fifth Avenue
                                            New York, New York 10010
                                            Telephone: (212) 849-7187
                                            peterfountain@quinnemanuel.com

                                            ***Counsel for Ken Griffin, Citadel
                                            Enterprise Americas LLC, and Citadel
                                            Securities LLC***

28

*Donnahue George v. Ken Griffin, et al.*
No. 24-13718-DD

*/s/ Samuel A. Danon* (with permission)
**HUNTON ANDREWS KURTH LLP**
Samuel A. Danon
Fla. Bar No. 892671
sdanon@huntonak.com
Tom K. Schulte
Fla. Bar No. 1025692
tschulte@huntonak.com
333 SE 2nd Avenue, Suite 2400
Miami, Florida 33131
Tel. (305) 810-2500
Fax (305) 810-2460

*Donnahue George v. Ken Griffin, et al.*
No. 24-13718-DD

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 32(g) of the Federal Rules of Appellate Procedure, the undersigned counsel certifies that this Brief complies with the type-volume limitation of Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure. This motion contains 6,286 words, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 32(f).

This Brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this motion has been prepared in a proportionally spaced typeface using Microsoft Office Word in Times New Roman type style, font size 14.

Dated:  February 3, 2025                */s/ Derek L. Shaffer*
                                                      Derek L. Shaffer

*Donnahue George v. Ken Griffin, et al.*
No. 24-13718-DD

## CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

Dated:  February 3, 2025                    */s/ Derek L. Shaffer*
                                              Derek L. Shaffer

## SERVICE LIST

All counsel of record, via ECF

Plaintiff Donnahue George, via ECF and mail
1012 NW 2nd Street
Fort Lauderdale, FL 33311
donnahuegeorge@gmail.com
Pro Se

31