No. 24-13718-D

# United States Court of Appeals for the Eleventh Circuit

DONNAHUE GEORGE,

*Plaintiff-Appellant,*

v.

KEN GRIFFIN, et al.,

*Defendants-Appellees.*

On Appeal in the United States District Court for the
Southern District of Florida

District Court Docket No. 0:21-cv-61719-KMM

## BRIEF OF DEFENDANT-APPELLEE FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.

David S. Mandel
    *Counsel of Record*
MANDEL & MANDEL LLP
169 East Flagler Street, Suite 1224
Miami, FL 33131
(305) 374-3771

*Counsel for Defendant-Appellee Financial Industry Regulatory Authority, Inc.*

*Donnahue George v. Ken Griffin, et al.*
No. 24-13718-D

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and 11th Circuit Rule 26.1-2, the undersigned counsel hereby certifies as follows:

Defendant-Appellee Financial Industry Regulatory Authority, Inc. (FINRA) is a private, not-for-profit Delaware corporation and is a self-regulatory organization registered with the Securities and Exchange Commission as a national securities association pursuant to the Maloney Act of 1938, (15 U.S.C. § 78o-3, et seq.), amending the Securities Exchange Act of 1934 (15 U.S.C. § 78a, et seq.), that has no stock or parent corporation. No publicly held corporation owns 10% or more of any Financial Industry Regulatory Authority, Inc. stock.

The following is a complete list, in alphabetical order, of interested persons:

1. Boyle, Gregory M. (counsel for The Depository Trust & Clearing Corporation)

2. Carlson & Associates, P.A. (counsel for The Depository Trust & Clearing Corporation)

3. Carlson, Curtis (counsel for The Depository Trust & Clearing Corporation)

4. Citadel Enterprise Americas LLC (formerly Citadel LLC)

5. Citadel GP LLC

6. Citadel Securities GP LLC

7. Citadel Securities LLC

*Donnahue George v. Ken Griffin, et al.*
No. 24-13718-D

8.  Cravath, Swaine & Moore LLP (counsel for Robinhood Financial LLC)

9.  Danon, Samuel A. (counsel for Robinhood Financial LLC)

10. The Depository Trust & Clearing Corporation

11. Financial Industry Regulatory Authority, Inc.

12. Fountain, Peter H. (counsel for Ken Griffin, Citadel Enterprise Americas LLC (formerly Citadel LLC), and Citadel Securities LLC)

13. George, Donnahue

14. Griffin, Kenneth

15. Hunton Andrews Kurth LLP (counsel for Robinhood Financial LLC)

16. Jenner & Block LLP (counsel for The Depository Trust & Clearing Corporation)

17. Mandel & Mandel LLP (counsel for Financial Industry Regulatory Authority, Inc.)

18. Mandel, David S. (counsel for Financial Industry Regulatory Authority, Inc.)

19. Moore, K. Michael, U.S. District Court Judge, Southern District of Florida

20. Orsini, Kevin J. (counsel for Robinhood Financial LLC)

21. Quinn Emanuel Urquhart & Sullivan, LLP (counsel for Ken Griffin, Citadel Enterprise Americas LLC (formerly Citadel LLC), and Citadel Securities LLC)

22. Robinhood Financial LLC

*Donnahue George v. Ken Griffin, et al.*
No. 24-13718-D

23.  Robinhood Markets, Inc. (parent company of Robinhood Financial LLC)

24.  Ryan, Antony L. (counsel for Robinhood Financial LLC)

25.  Schulte, Tom K. (counsel for Robinhood Financial LLC)

26.  Shaffer, Derek L. (counsel for Ken Griffin, Citadel Enterprise Americas LLC (formerly Citadel LLC), and Citadel Securities LLC)

27.  Sternberg, Jason (counsel for Ken Griffin, Citadel Enterprise Americas LLC (formerly Citadel LLC), and Citadel Securities LLC)

28.  Sukiennik, Brittany L. (counsel for Robinhood Financial LLC)

29.  Unikowsky, Adam G. (counsel for The Depository Trust & Clearing Corporation)

30.  Valle, Alicia O., U.S. Magistrate Judge, Southern District of Florida

*Donnahue George v. Ken Griffin, et al.*
No. 24-13718-DD

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is not necessary or warranted because the facts and legal arguments in this appeal are adequately presented in the briefs and records and because this appeal presents no unique or controversial issues of law or fact. *See* 11th Cir. R. 28-1(c); Fed. R. App. P. 34(a)(2); 11th Cir. R. 34-3(b).

*Donnahue George v. Ken Griffin, et al.*
No. 24-13718-D

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE
    DISCLOSURE STATEMENT...................................................................C-1

STATEMENT REGARDING ORAL ARGUMENT ...............................................i

TABLE OF CONTENTS ……………………………………………………ii
TABLE OF AUTHORITIES……………………………………………...iii

STATEMENT REGARDING THE ADOPTION
OF BRIEFS OF OTHER PARTIES……………………………………….vi

JURISDICTIONAL STATEMENT ...........................................................................vi

STATEMENT OF THE ISSUES...................................................................................1

STATEMENT OF THE CASE......................................................................................1

STANDARD OF REVIEW ..........................................................................................1

SUMMARY OF ARGUMENT .....................................................................................2

ARGUMENT .................................................................................................................3

I.     RELEVANT BACKGROUND.........................................................................3

    A.     FINRA's Role in Regulating the Securities Industry............................3

II.    FINRA IS ABSOLUTELY IMMUNE FOR ITS REGULATORY
    ACTIVITIES…………………………………………………………...5
CONCLUSION…………………………………………………………9

CERTIFICATE OF COMPLIANCE......................................................................10

CERTIFICATE OF SERVICE ...............................................................................11

*Donnahue George v. Ken Griffin, et al.*
No. 24-13718-D

## TABLE OF AUTHORITIES

**Cases**                                                                      **Page(s)**

*Austin Mun. Secs., Inc. v. NASD, Inc.*,
    757 F.2d 676 (5th Cir. 1985)………….………………………….........5

*Barbara v. N.Y. Stock Exch., Inc.*,
    99 F.3d 49 (2d Cir. 1996)………….………………………...4, 7

*Chrysler Intern. Corp. v. Chemaly*,
    280 F.3d 1358 (11th Cir. 2002)………..…………………………..1-2

*D'Alessio v. New York Stock Exch., Inc.*,
    258 F.3d 93 (2d Cir.), *cert. denied*, 534 U.S. 1066 (2001)……… ………6, 7

*Datek Secs. Corp. v. Nat'l Assoc. of Secs. Dealers, Inc.*,
    875 F. Supp. 230 (S.D.N.Y.)………….………………………….........4

*Desiderio v. NASD, Inc.*,
    191 F.3d 198 (2d Cir. 1999)………………………………....3, 7, 8

*Dexter v. Depository Tr. & Clearing Corp.*,
    406 F. Supp. 2d 260, (S.D.N.Y. 2005), *aff'd*, 219 F. App'x 91 (2d Cir.
    2007)…………………………………………………………7-8

*DL Capital, LLC v. Nasdaq Stock Mkt., Inc.*,
    409 F.3d 93, (2d Cir. 2005)……………………………………..4,7

*Doe #1 v. Red Roof Inns, Inc.*,
    21 F.4th 714, (11th Cir. 2021)……………………………………1

*Domestic Sec., Inc. v. SEC*,
    333 F.3d 239, (D.C. Cir. 2003)……………………...............4

*Empire Fin. Grp., Inc. v. Fin. Indus. Reg. Auth., Inc.*,
    No. 08-80534-CIV, 2009 WL 10644856 (S.D. Fla. Jan. 15, 2009)……...4, 5

*Empire Fin.*, 2
    009 U.S. Dist. LEXIS 133643………….……………………4, 5

*Donnahue George v. Ken Griffin, et al.*
No. 24-13718-D

*\*Gallagher v. FINRA, Inc.,*
  No. 21-13605, 2022 WL 1815594 (11th Cir. June 3, 2022)………………...6

*In re NYSE Specialists Secs. Litig.,*
  503 F.3d 89 (2d Cir. 2007)……………………………………………………..6

*In re Olick,*
  99-CV-5128, 2000 U.S. Dist. LEXIS 4275 (E.D. Pa. 2000)………………...8

*In re Series 7 Broker Qualification Exam Scoring Litig.,*
  548 F.3d 110 (D.C. Cir. 2008)……………………………………….............6

*Kernel Recs. Oy v. Mosley,*
  694 F.3d 1294 (11th Cir. 2012)……………………………………………...1

*Loftus v. FINRA, Inc.,*
  2021 U.S. Dist. LEXIS 18823 (S.D.N.Y. Feb. 1, 2021)…………………..…4

*Mohlman v. FINRA,*
  No. 3:19-cv-154, 2020 US. Dist. LEXIS 31781(S.D. Ohio 2020)...………...8

*MM&S Fin., Inc. v. NASD,*
  364 F.3d 908 (8th Cir. 2004)…………………………………………………...8

*Partnership Exch. Sec. Co. v. NASD, Inc.,*
  169 F.3d 606 (9th Cir. 1999)………………………………………………...6

*PennMont Sec. v. Frucher,*
  586 F.3d 242 (3d Cir. 2009), *cert. denied,* 559 U.S. 972 (2010)……………3

*\*Sparta Surgical,*
  159 F.3d 1209 (9th Cir. 1998)……………………………………………..7

*Spicer v. Chicago Bd. of Options Exch., Inc.,*
  977 F.2d 255 (7th Cir. 1992)…………………………………….............8

*Tawil v. FINRA,*
  No. 4:22-cv-440, 2023 WL 4353179 (N.D. Fla. May 24, 2023)……………6

iv

*Donnahue George v. Ken Griffin, et al.*
No. 24-13718-D

*Turbeville v. Fin. Indus. Reg. Auth., Inc.*,
    874 F.3d 1268 (11th Cir. 2017)……………………………………………...4

*Young Apartments, Inc. v. Town of Jupiter*,
    529 F.3d 1027 (11th Cir. 2008)……………………………….…………..1

*Wappler v. Ivey*,
    No. 22-13418, 2024 WL 3321147 (11th Cir. July 8, 2024)…………………1

*Weissman v. NASD*,
    500 F.3d 1293 (11th Cir. 2007)……………………………………...6, 7

## **Statutes**

Maloney Act of 1938, 15 U.S.C. §§ 78o-3…………………………………………3

Securities Exchange Act of 1934, 15 U.S.C. 78a…………………………………..2

15 U.S.C. § 78o- 3(b)……………………………………………………………… 4

15 U.S.C. § 78o-3(b)(6)…………………………………………………………… 4

15 U.S.C. § 78s(g)………………………………………………………………… 5

15 U.S.C. §§ 78q, 78s……………………………………………………………3

Sherman Act,
    15 U.S.C. §§ 1-7………………………………………………………….iv

Racketeer Influenced and Corrupt Organizations Act,
    18 U. S. C. §§ 1961-1968………………………………………………...iv

28 U.S.C. § 1291……………………………………………………………...v

28 U.S.C. § 1331………………………………………………………… iv

*Donnahue George v. Ken Griffin, et al.*
No. 24-13718-D

## STATEMENT REGARDING THE ADOPTION
## OF BRIEFS OF OTHER PARTIES

Pursuant to FRAP 28(i), FINRA respectfully incorporates by reference (in its entirety) the brief filed on behalf of the Citadel Defendants[1] and Robinhood Financial LLC dated February 3, 2025 [ECF No. 27]. FINRA files this separate brief to address the issue of SRO immunity, which although not reached by the district court, provides an additional basis to affirm the lower court's ruling.

## JURISDICTIONAL STATEMENT

Jurisdiction was proper in the district court under 28 U.S.C. § 1331 because Plaintiff-Appellant, Donnahue George alleged violations of the Sherman Act, 15 U.S.C. §§ 1-7, and the Racketeer Influenced and Corrupt Organizations Act, 18 U. S. C. §§ 1961-1968. The district court had supplemental jurisdiction over the state law breach of contract claim under 28 U.S.C. § 1367, as this claim was part of the same alleged case or controversy.

On November 4, 2024, the district court entered a final judgment dismissing the action, and George filed a notice of appeal on November 12, 2024. ECF No.

---

[1] The "Citadel Defendants" are Defendants-Appellees Kenneth Griffin, Citadel Enterprise Americas LLC (formerly Citadel LLC) and Citadel Securities LLC.

*Donnahue George v. Ken Griffin, et al.*
No. 24-13718-D

166 at 4; Notice of Appeal, ECF No. 1, *George v. Griffin, et al.*, No. 24-13718 (11th Cir Nov. 12, 2024).  Accordingly, this Court has appellate jurisdiction under 28 U.S.C. § 1291, which provides "jurisdiction of appeals from all final decisions of the district courts of the United States.

*Donnahue George v. Ken Griffin, et al.*
No. 24-13718-D

## STATEMENT OF THE ISSUES

1.    Whether the district court correctly dismissed George's Second Amended Complaint with prejudice.

2.    Whether the Court properly considered Defendants' motions to dismiss.

## STATEMENT OF THE CASE

FINRA respectfully adopts and incorporates by reference herein the Statement of the Case included in the Citadel Defendants' brief.  *See* Citadel Brief [ECF No. 27] at pp. 3-10.  *See also* Supplemental Appendix [ECF No. 28].

## STANDARD OF REVIEW

This Court "review[s] an order granting a motion to dismiss with prejudice *de novo*, applying the same standards the district court used."  *Young Apartments, Inc. v. Town of Jupiter*, 529 F.3d 1027, 1037 (11th Cir. 2008); *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 723 (11th Cir. 2021).  Additionally, the Court "may affirm the judgment of the district court on any ground supported by the record, regardless of whether that ground was relied upon or even considered by the district court."  *Wappler v. Ivey*, No. 22-13418, 2024 WL 3321147 (11th Cir. July 8, 2024) (quoting *Kernel Recs. Oy v. Mosley*, 694 F.3d 1294 (11th Cir. 2012)).

The Court reviews for abuse of discretion a district court's management of its own docket, including its scheduling decisions.  *Chrysler Intern. Corp. v. Chemaly*,

1

*Donnahue George v. Ken Griffin, et al.*
No. 24-13718-D

280 F.3d 1358, 1360 (11th Cir. 2002) ("[W]e stress the broad discretion district courts have in managing their cases. . . . Given the caseload of most district courts and the fact that cases can sometimes stretch out over years, district courts must have discretion and authority to ensure that their cases move to a reasonably timely and orderly conclusion.").

## SUMMARY OF ARGUMENT

The district court correctly dismissed the Second Amended Complaint with prejudice. The Second Amended Complaint failed to state a claim under any asserted cause of action: (1) the breach of contract claim rested on a fictitious "contract" between Defendants and the American people; (2) the civil RICO claim was devoid of the particularized allegations required by Rule 9(b); and (3) the civil rights claim was defective because none of the Defendants is a state actor (and, in any event, George abandoned this claim on appeal). Although packaged as claims for breach of contract, RICO violations, and civil rights violations, George's claims against FINRA relate solely to its regulatory actions, which are authorized by the Securities Exchange Act of 1934. 15 U.S.C. 78a, *et seq.* ("Exchange Act"). George's own allegations confirm that his claims against FINRA arise entirely from its regulatory functions. Thus, FINRA is immune from suit for its regulatory activities. Further, George has no private right of action against FINRA for its regulatory activities.

2

*Donnahue George v. Ken Griffin, et al.*
No. 24-13718-D

Separately, George's argument that FINRA's motion to dismiss was untimely is meritless. FINRA filed its motion ten days after the case was reopened. Even assuming that the deadline for responding was not reset by the closing of this case, under the district court's order, FINRA still had fourteen days remaining to file its motion to dismiss when the case was closed.

**ARGUMENT[2]**

**I.    RELEVANT BACKGROUND**

**A.    FINRA's Role in Regulating the Securities Industry**

FINRA is a private, not-for-profit Delaware corporation and self-regulatory organization ("SRO") registered with the Securities and Exchange Commission ("SEC") as a national securities association pursuant to the Maloney Act of 1938, 15 U.S.C. §§ 78o-3, *et seq.*, amending the Exchange Act. As an SRO, FINRA is part of the Exchange Act's comprehensive plan for regulating the securities markets. *See* 15 U.S.C. §§ 78q, 78s; *Desiderio v. NASD, Inc.*, 191 F.3d 198, 201 (2d Cir. 1999), *cert. denied,* 531 U.S. 1069 (2001); *see also PennMont Sec. v. Frucher*, 586 F.3d 242, 245 (3d Cir. 2009), *cert. denied*, 559 U.S. 972 (2010). FINRA's regulatory duties are imposed by Congress and require FINRA to conduct daily regulation and administration of the securities markets. *See, e.g.,*

---

[2] The arguments made by the Citadel Defendants and Robinhood Financial are respectfully incorporated by reference herein. *See* Citadel Brief [ECF No. 27] at pp. 12-27.

*Donnahue George v. Ken Griffin, et al.*
No. 24-13718-D

*Turbeville v. Fin. Indus. Reg. Auth., Inc.*, 874 F.3d 1268, 1270-71 (11th Cir. 2017);

*Empire Fin. Grp., Inc. v. Fin. Indus. Reg. Auth., Inc.*, No. 08-80534-CIV, 2009

WL 10644856, at *2 (S.D. Fla. Jan. 15, 2009); *see also DL Capital, LLC v. Nasdaq*

*Stock Mkt., Inc.,* 409 F.3d 93, 95 (2d Cir. 2005); *Domestic Sec., Inc. v. SEC*, 333

F.3d 239, 241-42 (D.C. Cir. 2003); *Barbara v. N.Y. Stock Exch., Inc.*, 99 F.3d 49,

59 (2d Cir. 1996).  Among its regulatory obligations, the Exchange Act requires

FINRA to establish rules "designed to prevent fraudulent and manipulative acts

and practices, to promote just and equitable principles of trade . . . and, in general,

to protect investors and the public interest. . . ." 15 U.S.C. § 78o-3(b)(6).  The

Exchange Act also mandates that FINRA investigate and discipline member firms

and their associated persons for violating FINRA rules and in certain cases, the

federal securities laws. *Loftus v. FINRA, Inc.*, 2021 U.S. Dist. LEXIS 18823, *2

(S.D.N.Y. Feb. 1, 2021) (quoting *Datek Secs. Corp. v. Nat'l Assoc. of Secs.*

*Dealers, Inc.*, 875 F. Supp. 230, 232 (S.D.N.Y.)); *see also* 15 U.S.C. § 78o- 3(b).

FINRA exercises its regulatory authority in accordance with the requirements

of the Exchange Act and under close oversight by the SEC.  *Empire Fin.,* 2009 U.S.

Dist. LEXIS 133643, at *20 ("[U]nder the comprehensive regulatory scheme for the

securities industry that was established by Congress, FINRA's performance of its

responsibilities is subject to the strict, on-going oversight of the SEC.").  FINRA is

obligated to comply with the Exchange Act, the SEC's rules and regulations, and its

4

*Donnahue George v. Ken Griffin, et al.*
No. 24-13718-D

own rules. *See* 15 U.S.C. § 78s(g). The SEC has "broad supervisory responsibilities over [SROs]" and correspondingly broad power to enforce their compliance with these obligations. *Austin Mun. Secs., Inc. v. NASD, Inc.*, 757 F.2d 676, 680 (5th Cir. 1985). Thus, "Congress has vested in the SEC the obligation of ensuring that FINRA performs its statutory responsibilities." *Empire Fin.,* 2009 U.S. Dist. LEXIS 133643, at *20.

## II.   FINRA IS ABSOLUTELY IMMUNE FOR ITS REGULATORY ACTIVITIES

The Second Amended Complaint contains relatively few references to FINRA, and to the extent they do relate to FINRA, the allegations concern FINRA's regulatory activities – actions FINRA took or purportedly failed to take. For example, Plaintiff asserts that FINRA "turned a blind eye" to market participants that he alleges manipulated the markets through the sale of synthetic shares they knew did not exist. *See, e.g.,* [ECF No. 54, ¶¶ 1, 5, 8, 10, 43]. Plaintiff, however, concedes that FINRA "fined bad actors," [ECF No. 54, ¶10], and opines that "the fines and punishments are so small that instead of acting as a deterrent the fines and punishments actually embolden the bad actors to continue their bad behavior." *Id.* ¶¶1, 41. Accordingly, the Second Amended Complaint criticizes *how* FINRA allegedly regulated market participants.

5

*Donnahue George v. Ken Griffin, et al.*
No. 24-13718-D

FINRA, however, is absolutely immune in the performance of its "statutorily delegated adjudicatory, regulatory, and prosecutorial functions." *Weissman v. NASD,* 500 F.3d 1293, 1296 (11th Cir. 2007); *see also Tawil v. FINRA,* No. 4:22-cv-440, 2023 WL 4353179 (N.D. Fla. May 24, 2023) (dismissing claims for injunctive relief based on FINRA's regulatory activities); *D'Alessio v. New York Stock Exch., Inc.*, 258 F.3d 93, 105 (2d Cir.), *cert. denied*, 534 U.S. 1066 (2001) (holding that an SRO is "immune from liability for claims arising out of the discharge of its duties under the Exchange Act"); *Partnership Exch. Sec. Co. v. NASD, Inc.*, 169 F.3d 606, 608 (9th Cir. 1999) (holding that the NASD was protected by absolute immunity for its actions taken "under the authority delegated to it by the Exchange Act"). Every circuit court, including the Eleventh Circuit, that has considered the issue has reached the same conclusion. *See, e.g., In re Series 7 Broker Qualification Exam Scoring Litig.,* 548 F.3d 110, 114, (D.C. Cir. 2008) ("When an SRO acts under the aegis of the Exchange Act's delegated authority, it is absolutely immune from suit for the improper performance of regulatory, adjudicatory, or prosecutorial duties delegated to the SEC); *In re NYSE Specialists Secs. Litig.,* 503 F.3d 89, 96 (2d Cir. 2007) (Sotomayor, J.) (an SRO "is entitled to absolute immunity for actions it takes pursuant to its quasi-governmental role in the regulation of the securities market"); *Gallagher v. FINRA, Inc.,* No. 21-13605, 2022 WL 1815594 (11th Cir. June 3, 2022) ("[W]hen

6

*Donnahue George v. Ken Griffin, et al.*
No. 24-13718-D

an SRO is acting under the aegis of the Exchange Act's delegated authority it enjoy[s the] privilege of immunity.") (quoting *Weissman,* 500 F.3d at 1296) (internal quotation marks omitted); *Sparta Surgical,* 159 F.3d 1209, 1215 (9th Cir. 1998) ("[S]elf-regulatory organizations had to enjoy freedom from civil liability when they acted in their regulatory capacity.").

To determine whether immunity applies to an SRO's conduct, courts "look to the objective nature and function of the activity for which the SRO seeks to claim immunity." *Weissman,* 500 F.3d at 1297; *see also Sparta,* 159 F.3d at 1214; *D'Alessio*, 258 F.3d at 104-05; *Barbara,* 99 F.3d at 58. The dispositive question is whether the George's claims arise out of "the discharge of [FINRA's] duties under the Exchange Act." *Sparta,* 159 F.3d at 1213; *see also D'Alessio*, 258 F.3d at 104, 106. Here, the answer is plainly yes.

Because all of the claims against FINRA arise from its regulatory activities, it is immune from suit. That immunity is absolute, and courts do not recognize exceptions to that immunity based on bad faith, *Desiderio,* 191 F.3d at 208, fraud, *DL Capital Group, LLC v. Nasdaq Stock Mkt., Inc.,* 409 F.3d 93, 98 (2d Cir. 2005), or negligence, *Sparta,* 159 F.3d at 1215. This form of absolute immunity is "an integral part of the American system of securities regulation." *Dexter v.*

*Donnahue George v. Ken Griffin, et al.*
No. 24-13718-D

*Depository Tr. & Clearing Corp.*, 406 F. Supp. 2d 260, 263 (S.D.N.Y. 2005), *aff'd*, 219 F. App'x 91 (2d Cir. 2007).

The allegations in the Second Amended Complaint regarding FINRA are all directed to Plaintiff's dissatisfaction with FINRA's regulatory activities. Accordingly, FINRA's immunity is dispositive in this case, and provides an additional basis upon which to affirm the district court's ruling dismissing the Second Amended Complaint with prejudice as to FINRA.[3]

As discussed above, the allegations asserted against FINRA relate only to its regulatory activities. For this reason, George cannot state a private right of action against FINRA.

---

[3] Courts also routinely hold that no private right of action exists against an SRO like FINRA for its regulatory activities. *See, e.g., Desiderio*, 191 F.3d at 208 ("[T]here is no private right of action available under the Securities Exchange Act . . . to challenge an exchange's failure to follow its own rules."); *Mohlman v. FINRA*, No. 3:19-cv-154, 2020 US. Dist. LEXIS 31781, at *12-13 (S.D. Ohio 2020) (finding that "[t]here is, however, no private right of action against FINRA (or its employees) for its regulatory acts—including entering regulatory settlements"); *Spicer v. Chicago Bd. of Options Exch., Inc*., 977 F.2d 255, 260 (7th Cir. 1992) (declining to imply a right of action in section of Exchange Act "against [an SRO] for violating or failing to enforce its own rules"); *MM&S Fin., Inc. v. NASD*, 364 F.3d 908, 911-12 (8th Cir. 2004) (holding that "the Exchange Act does not create a private right of action against the NASD defendants for violating their own rules."); *In re Olick*, 99-CV-5128, 2000 U.S. Dist. LEXIS 4275, at *11 (E.D. Pa. 2000) (finding that a party "may not maintain a private cause of action against the NASD under the Exchange Act, or at common law, for regulatory actions taken by the NASD).

*Donnahue George v. Ken Griffin, et al.*
No. 24-13718-D

## CONCLUSION

For the foregoing reasons, the dismissal with prejudice should be affirmed.

DATED:  February 3, 2025                 Respectfully submitted,

*/s/ David S. Mandel*
**MANDEL & MANDEL LLP**
David S. Mandel
Fla. Bar. No. 38040
169 E. Flagler St., Suite 1224
Miami, FL 33131
Telephone: (305) 374-7771
dsm@mandel.law

***Counsel for Financial Industry
Regulatory Authority, Inc.***

9

*Donnahue George v. Ken Griffin, et al.*
No. 24-13718-D

# CERTIFICATE OF COMPLIANCE

Pursuant to Rule 32(g) of the Federal Rules of Appellate Procedure, the undersigned counsel certifies that this Brief complies with the type-volume limitation of Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure. This Brief contains 2,155 words, excluding the parts of the Brief exempted by Federal Rule of Appellate Procedure 32(f).

This Brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Office Word in Times New Roman type style, font size 14.

Dated:  February 3, 2025                    */s/ David S. Mandel*

*Donnahue George v. Ken Griffin, et al.*
No. 24-13718-D

## CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

Dated:  February 3, 2025                                      */s/ David S. Mandel*

## SERVICE LIST

All counsel of record, via ECF

Plaintiff Donnahue George, via ECF and mail
1012 NW 2nd Street
Fort Lauderdale, FL 33311
donnahuegeorge@gmail.com
Pro Se

11