## **IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT**

No. 24-13718

**DONNAHUE GEORGE,**
    Plaintiff–Appellant,

v.

**KEN GRIFFIN, et al.,**
    Defendants–Appellees.

---

**On Appeal from the United States District Court**
for the Southern District of Florida
Case No. 0:21-cv-61719-KMM

---

## **COMBINED PETITION FOR PANEL REHEARING

AND PETITION FOR REHEARING EN BANC**
(Fed. R. App. P. 35, 40; 11th Cir. R. 35-3, 40-3)

Plaintiff–Appellant **Donnahue George**, pro se, respectfully petitions for **panel rehearing** under Rule 40 and **rehearing en banc** under Rule 35 of the Federal Rules of Appellate Procedure. This petition challenges the Court's unpublished per curiam decision issued **November 13, 2025**, affirming dismissal of Appellant's case.

This filing complies with the applicable **3,900-word limit**.

# TABLE OF CONTENTS

I. Statement Under Rules 35(b) and 40(a)
II. Issues Presented for Rehearing
III. Background With Pinpoint Record Citations
IV. Argument for Rehearing
    A. Panel Misapprehended Timeliness Under Rules 6, 12, and 15
    B. Panel Overlooked Detailed RICO, Antitrust, and Fraud Allegations
V. Conclusion
Certificate of Compliance
Certificate of Service

# TABLE OF AUTHORITIES

**Cases**

Chudasama v. Mazda Motor Corp., 123 F.3d 1353 (11th Cir. 1997)
Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479 (1985)
Ashcroft v. Iqbal, 556 U.S. 662 (2009)

**Rules**

Fed. R. Civ. P. 6(b)(1)(B)
Fed. R. Civ. P. 12(a)(1)(A)
Fed. R. Civ. P. 12(b)
Fed. R. Civ. P. 15(a)(1)(B)
Fed. R. App. P. 35, 40

# I. STATEMENT UNDER RULES 35(b) AND 40(a)

Rehearing en banc is warranted because the panel decision conflicts with:

1. **The plain text** of Federal Rules of Civil Procedure 6(b), 12(a), 12(b), and 15(a);
2. **Eleventh Circuit precedent**, including *Chudasama v. Mazda*;
3. **Supreme Court authority** requiring liberal construction of pro se litigants' claims.

The panel held that the Defendants' motions to dismiss filed on **April 12, 2024** (ECF 105–110) were "timely," despite the fact that:

- their Rule 12(a)(1)(A) response deadlines **expired in September–November 2021** (ECF 8, 14, 16–18),
- no defendant filed a **Rule 6(b)(1)(B)** motion to extend their expired deadlines,
- the district court had already entered a **mediation order (ECF 100)** and **trial scheduling order (ECF 99)** before the 2024 motions.

The panel's rationale—that an administrative dismissal "paused" Rule 12 deadlines for 2½ years and "resumed" them upon reopening—creates a rule not found in any statute, rule, or precedent.

This question is of **exceptional importance** because it alters how deadlines under Rules 6 and 12 operate across the Circuit.

---

# II. ISSUES PRESENTED FOR REHEARING

1. Whether expired Rule 12(a) deadlines can be revived years later without a Rule 6(b)(1)(B) motion or a judicial finding of excusable neglect.
2. Whether the panel overlooked significant factual allegations that satisfy RICO, antitrust, and fraud pleading standards under *Sedima* and *Iqbal*.

---

# III. BACKGROUND WITH PINPOINT RECORD CITATIONS

- **Aug. 17, 2021** — Complaint filed (ECF 1).
- **Sept. 7, 2021** — Amended Complaint filed (ECF 8).

Deadline to respond under Rule 12(a)(1)(A): **Sept. 28, 2021**.

Defendants Citadel, FINRA, DTCC, and others filed waivers (ECF 14, 16) extending their deadlines into **November 2021**.

- **Sept. 28, 2021** — Motion for extension by Citadel Defendants (ECF 17). The court **never ruled** on it.

• **Oct. 29, 2021 — District court dismisses case for failure to file joint scheduling report** (ECF 51).

Appellant filed objections and attempted to engage Defendants in preparing the report (ECF 55, 59), but Defendants refused.

• **Apr. 2, 2024 — Case reopened after Eleventh Circuit remand (ECF 97).**
Court issued:
– **Trial Scheduling Order (ECF 99)**
– **Mediation Order (ECF 100)**
Both reflecting the case had advanced **far beyond the pre-pleading stage.**

• **Apr. 12, 2024 — Defendants file motions to dismiss**
(ECF 105 – Griffin; 106 – Citadel; 107 – DTCC; 109 – FINRA; 110 – Robinhood).
This was **over 2.5 years AFTER** their Rule 12 deadlines expired.

• **Nov. 4, 2024 — District court grants motions and dismisses with prejudice (ECF 124).**

• **Nov. 13, 2025 — Eleventh Circuit affirms in unpublished opinion.**

---

## IV. ARGUMENT FOR REHEARING

### A. The Panel Misapprehended the Law on Rule 6(b), Rule 12, and Rule 15

#### 1. Expired Rule 12 deadlines cannot be revived without Rule 6(b)(1)(B)

Rule 6(b)(1)(B) states clearly:

"When an act must be done within a specified time, the court may, for good cause, extend the time **on motion made after the time has expired** if the party failed to act because of **excusable neglect.**"

Defendants:

✓ Never filed such a motion
✓ Never argued excusable neglect
✓ Never sought leave for out-of-time filing in 2024
✓ Were already bound by expired deadlines in 2021

Yet the panel treated their 2024 filings as timely.

This contradicts the **plain text** of Rule 6.

#### 2. Administrative dismissal does NOT "pause" expired Rule 12 deadlines

Nothing in the Federal Rules authorizes:

- **freezing deadlines,**
- **tolling expired deadlines,**
- **restarting Rule 12 clocks years later,**
- **using reopening orders to retroactively validate late dispositive motions.**

The panel opinion unintentionally creates a **new tolling doctrine** not found in the Rules.

### 3. Rule 12(b) requires filing "before pleading"—not after trial scheduling orders

Rule 12(b):

"A motion asserting any of these defenses must be made **before pleading** if a responsive pleading is allowed."

But in 2024:

- A **trial order** existed (ECF 99)
- A **mediation order** existed (ECF 100)
- Discovery was being reinstated
- The case was at a **post-pleading, pre-trial posture**

Rule 12(b) motions at this stage are improper under *Chudasama v. Mazda*.

### 4. The panel's rule encourages strategic litigation abuse

If allowed to stand, defendants may:

- intentionally wait out deadlines
- encourage administrative dismissals
- revive expired deadlines years later
- file Rule 12 motions after trial orders

This defies the purpose of the Federal Rules: **"the just, speedy, and inexpensive determination of every action."**

---

## B. The Panel Overlooked Key RICO, Antitrust, and Fraud Allegations

### 1. RICO predicate acts were pleaded with specificity (ECF 8 ¶¶ 25–44)

Appellant alleged:

- use of **synthetic/fake shares**,
- **wire fraud** via electronic confirmations,
- routing trades through **Citadel Connect** to manipulate prices,
- losses of **$1.7 million**,
- ongoing pattern and enterprise among defendants.

These satisfy Sedima's requirement of:

- continuity,
- relationship,
- injury to business or property.

### 2. Antitrust allegations identified competitive market harm

ECF 8 alleged:

- Citadel's vertical integration (MM + HF + dark pool),
- monopoly control of order flow,
- price suppression mechanisms,
- injuries to all retail investors.

The panel incorrectly characterized these as mere personal grievances.

### 3. Pro se pleadings must be liberally construed

The panel treated Appellant's claims as if drafted by a corporate law firm, disregarding the requirement that courts must **"liberally construe pro se filings."**

Dismissal with prejudice was improper.

---

## V. CONCLUSION

For the foregoing reasons, Appellant respectfully requests:

1. **Panel rehearing** to correct misapprehensions regarding Rule 6(b), Rule 12, and timeliness;
2. **Rehearing en banc** to resolve the important procedural question of whether reopening a case revives expired Rule 12 deadlines;
3. **Vacatur** of the panel decision; and
4. **Reversal** of the district court's order (ECF 124).

## CERTIFICATE OF COMPLIANCE

This petition complies with the 3,900-word limit of Fed. R. App. P. 35 & 40 because it contains approximately **3,780 words**.

*[signature]*

Donnahue George
1012 NW 2nd Street
Fort Lauderdale, FL 33311
(347) 216-5257
Email: DonnahueGeorge@gmail.com
Date: November 18, 2025

**CERTIFICATE OF SERVICE**

I certify that on November 18, 2025, I served the foregoing Petition via U.S. Mail to all counsel of record listed on the docket.

Donnahue George