NOT FOR PUBLICATION

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 24-13718
Non-Argument Calendar
_____

DONNAHUE GEORGE,

          *Plaintiff-Appellant,*

versus

KEN GRIFFIN,
CITADEL SECURITIES MARKET MAKER,
CITADEL CONNECT DARK POOL,
CITADEL LLC HEDGE FUND,
FINRA, et al.,

          *Defendants-Appellees,*

SECURITIES EXCHANGE COMMISSION, et al.,

          *Defendants.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:21-cv-61719-KMM
_____

Before LUCK, LAGOA, and WILSON, Circuit Judges.

PER CURIAM:

This case—before us for the second time—involves the dismissal of pro se plaintiff Donnahue George's complaint in which he alleged investment losses from the January 2021 GameStop short selling incident and other market manipulation schemes that he claims the individual, corporate, and government agency defendants orchestrated. The first time the case was before us, the district court sua sponte dismissed George's second amended complaint—before the defendants' time to file a motion to dismiss had run—for failure to file a proposed joint scheduling order. Finding the appeal premature, we remanded to allow the district court to reopen the case. *See George v. Griffin*, No. 21-14208, 2024 WL 366388 (11th Cir. Jan. 31, 2024). After the case was reopened, the defendants moved to dismiss the second amended complaint for failure to state a claim. The district court granted their motions.

George appeals the district court's dismissal, arguing that the motions were untimely and that he adequately pleaded his claims. After careful consideration, we affirm the district court's dismissal.

24-13718               Opinion of the Court                        3

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On August 17, 2021, George sued the Financial Industry Regulatory Authority (FINRA), the Depository Trust & Clearing Corporation (DTCC), Citadel Enterprise Americas LLC (formerly Citadel LLC), Citadel Securities LLC, Ken Griffin (together the Citadel defendants), and Robinhood, LLC. The district court entered a paperless order directing the parties to hold a scheduling conference no later than twenty days after the last-served defendant filed a responsive pleading or within sixty days after the complaint was filed, whichever came first. The district court cautioned that a joint scheduling report must be filed within ten days of the scheduling conference and that "[f]ailure . . . to file a joint scheduling report within the deadlines set forth . . . may result in dismissal."

On September 7, 2021, George amended his complaint. Afterward, FINRA, Robinhood, and DTCC waived service of process, which extended the time to respond by sixty days, requiring responses by November 8, 2021, November 22, 2021, and November 29, 2021, respectively. *See* Fed. R. Civ. P. 12(a)(1)(A)(ii). The Citadel defendants moved to extend their time to respond to the complaint. The district court granted the motion, setting November 22, 2021, as the new deadline for the Citadel defendants to respond.

On October 9, 2021, the district court sua sponte dismissed the case for failure to submit a joint scheduling report and explained that the parties "may move to reopen this matter upon . . . filing a joint scheduling report." Instead of moving to

reopen the case, George appealed the district court's dismissal to this Court and filed his second amended complaint on November 4, 2021, in the district court. We remanded the case, allowing the district court to decide "whether the case should be reopened[.]" *George*, 2024 WL 366388, at *5. The district court reopened the case on April 2, 2024, expressly stating that "[a]ll previously issued orders in this action remain in effect."

In the operative second amended complaint, George brought four claims. First, he alleged that FINRA and DTCC breached "a [c]ontract with the American people to insure an open and fair market" because they "turn[ed] a blind eye for years to all the illegal activities of the [h]edge funds [m]arket [m]akers and [d]ark [p]ools" by imposing only "miniscule fines instead of deterring bad behavior." Second, he claimed that all defendants violated the civil Racketeer Influenced and Corrupt Organizations Act (RICO) by "work[ing] together to manipulate the price" of Gamestop and AMC shares "to benefit themselves at [George's] detriment." Third, he asserted that the Citadel defendants and Robinhood violated section two of the Sherman Act by "monopol[izing] power over the stock market because of [Griffin's] ownership of the Hedge Fund the Market Maker and the unregulated Dark Pool." Fourth, he alleged that FINRA and DTCC violated his Fourteenth Amendment rights by implementing rules that gave "an unfair advantage in the marketplace" to companies like Citadel while "marginalizing retail investors" like him.

On April 12, 2024, the defendants filed motions to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The district court granted the defendants' motions and dismissed the complaint. George appeals the dismissal.

## STANDARD OF REVIEW

We review for abuse of discretion claims that the district court mismanaged its docket. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366–67 (11th Cir. 1997). Further, "[w]e review the grant of a motion to dismiss under [r]ule 12(b)(6) de novo, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Ounjian v. Globoforce, Inc.*, 89 F.4th 852, 857 (11th Cir. 2023).

## DISCUSSION

George argues that the district court erred in granting the motions to dismiss because the motions were untimely and because he adequately stated claims upon which relief could be granted.

*The Defendants' Motions Were Timely*

Generally, a defendant must respond to a pleading "within [twenty-one] days after being served with the summons and complaint." Fed. R. Civ. P. 12 (a)(1)(A)(i). But if a defendant waives service, he may respond within sixty days. *Id.* (a)(1)(A)(ii). District courts have "broad discretion in deciding how best to manage the cases before them[,]" including the "authority to control their own

| 6 | Opinion of the Court | 24-13718 |

dockets" and "set . . . filing deadline[s]." *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014).

George argues that the district court procedurally erred by considering the defendants' motions to dismiss even though they were untimely. Because the motions were timely, George's argument fails.

After George filed the first amended complaint on September 7, 2021, Robinhood waived service of process, which resulted in a November 22, 2021, response deadline. *See* Fed. R. Civ. P. 12(a)(1)(A)(ii). FINRA and DTCC also waived service of process, which resulted in November 8, 2021, and November 29, 2021, response deadlines, respectively. And the district court granted the Citadel defendants' motion for extension of time to respond to the complaint, making their response due on November 22, 2021.

The district court dismissed George's case for failure to submit a joint scheduling report on October 29, 2021. At that point, FINRA had ten days to respond, the Citadel Defendants and Robinhood had twenty-four days to respond, and DTCC had thirty-one days to respond. When the district court reopened the case on April 2, 2024, it expressly stated that "[a]ll previously issued orders in this action remain in effect." The defendants filed their motions to dismiss on April 12, 2024—within FINRA's ten-day deadline, the Citadel defendants' and Robinhood's twenty-four-day deadline, and DTCC's thirty-one-day deadline. Accordingly, the motions were timely.

24-13718               Opinion of the Court                        7

*George Failed to State a Claim*

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must include enough facts "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

When "a complaint pleads facts that are 'merely consistent with' a defendant's liability," it fails plausibly to establish that the plaintiff is entitled to relief. *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 557). "A plaintiff . . . must demonstrate 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Simpson v. Sanderson Farms, Inc.*, 744 F.3d 702, 708 (11th Cir. 2014) (quoting *Twombly,* 550 U.S. at 555).

Breach of Contract Claim

First, George contends that the district court erred in dismissing his breach of contract claim against FINRA and DTCC. A breach of contract claim under Florida law requires the existence of a contract, the breach of the contract, and damages resulting from the breach. *Sun Life Assurance Co. of Canada v. Imperial Premium Fin., LLC*, 904 F.3d 1197, 1217 (11th Cir. 2018) (citing *DNA Sports Performance Lab, Inc. v. Club Atlantis Condo. Assoc., Inc.*, 219 So. 3d 107, 109 (Fla. Dist. Ct. App. 2017)). George's argument fails on the first part.

George failed to plead facts showing the existence of a valid contract. Instead, George only pleaded that "FINRA . . . and DTCC had a [c]ontract with the American people to insure an open and fair market." But George's complaint fails to identify a contract between him and the defendants and it does not specify any contractual obligations that the defendants allegedly breached. Florida law is clear that "no breach of contract claim exists without first establishing a valid, enforceable contract." *Fayad v. Univ. of Miami*, 395 So. 3d 203, 205 (Fla. Dist. Ct. App. 2024). So George failed to state a claim for breach of contract.

### Civil RICO Claim

Next, George contends that the district court erred in dismissing his civil RICO claim against the defendants. When presenting a claim under the civil provisions of RICO, a private plaintiff must plausibly allege that the defendants:

> (1) operated or managed (2) an enterprise (3) through a pattern (4) of racketeering activity that included at least two predicate acts of racketeering, which (5) caused (6) injury to the business or property of the plaintiff. If a plaintiff fails to adequately plead any one of these elements, []he has failed to state a claim upon which relief may be granted, and h[is] complaint must be dismissed.

*Cisneros v. Petland, Inc.*, 972 F.3d 1204, 1211 (11th Cir. 2020) (internal citation omitted). "The 'pattern of racketeering activity' element requires that a civil RICO plaintiff establish 'at least two acts of racketeering activity.'" *Republic of Panama v. BCCI Holdings*

24-13718               Opinion of the Court                        9

*(Luxembourg) S.A.*, 119 F.3d 935, 948 (11th Cir. 1997) (citing 18 U.S.C. § 1961(5)).

Civil RICO claims "are essentially a certain breed of fraud claims, [which] must be pled with an increased level of specificity" under Federal Rule of Civil Procedure Rule 9(b). *Ambrosia Coal & Constr. Co. v. Morales*, 482 F.3d 1309, 1316 (11th Cir. 2007); *see also* Fed. R. Civ. P. 9(b) (requiring that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake"). To satisfy rule 9(b), a RICO claim must allege: "(1) the precise statements, documents, or misrepresentations made; (2) the time and place of and person responsible for the statement; (3) the content and manner in which the statements misled the [p]laintiffs; and (4) what the [d]efendants gained by the alleged fraud." *Ambrosia Coal & Constr. Co.*, 482 F.3d at 1316–17.

Here, George argues that he sufficiently alleged that FINRA and DTCC were involved "in a continuous enterprise [of] racketeering activities," which included predicate acts of "wire fraud and counterfeiting." But George's allegations fail to meet rule 9(b)'s heightened pleading standard for two reasons.

First, George failed to allege "precise statements, documents, or misrepresentations made" or how the precise misrepresentations misled him. *See id*. Instead, he only provided conclusory allegations that the defendants worked together "to manipulate the price of AMC and [Gamestop] shares" for their own benefit. Further, while he alleged that the defendants committed wire fraud by sending him fake shares and committed counterfeiting by

fabricating fake shares and sending them into the market, these allegations do not satisfy the rule 9(b) standard as they do not allege the time and place during which these predicate acts occurred. *Brooks*, 116 F.3d at 1381; *see also Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010) ("Plaintiffs do not point to a single *specific* misrepresentation by Defendants . . . ." (emphasis added)).

Second, George's allegations improperly "lumped together" all the defendants. *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1381 (11th Cir. 1997) (concluding that the plaintiffs' RICO claims fell short of the heightened rule 9(b) pleading standard when the claims were "devoid of specific allegations with respect to the separate [d]efendants" but "simply 'lumped together' all of the [d]efendants in their allegations of fraud" (quotation omitted)). "[I]n a case involving multiple defendants . . . the complaint should inform each defendant of the nature of his alleged participation in the fraud." *Ambrosia Coal & Const. Co.*, 482 F.3d at 1317. Thus, George failed to state a civil RICO claim, and the district court properly dismissed that claim too.

### Claim Under Section Two of the Sherman Act

George also argues that the district court erred in dismissing his claim under section two of the Sherman Act. Section two of the Act establishes that "[e]very person who shall . . . attempt to monopolize . . . any part of the trade or commerce among the several States, or with foreign nations, shall be deemed guilty of a felony." *Duty Free Americas, Inc. v. Estee Lauder Companies, Inc.*, 797 F.3d 1248, 1262 (11th Cir. 2015) (quoting 15 U.S.C. § 2). To show a

24-13718               Opinion of the Court                        11

violation of section two, "a plaintiff must establish (1) the possession [by the defendant] of monopoly power in the relevant market and (2) the willful acquisition or maintenance of that power as distinguished from growth or development as a consequence of a superior product, business acumen, or historic accident." *OJ Com., LLC v. KidKraft, Inc.*, 34 F.4th 1232, 1244 (11th Cir. 2022) (quotation omitted). "We also require section-two plaintiffs to prove 'harm to competition within the relevant market." *Id.* (quotation omitted and alterations adopted).

George argues that he adequately alleged a section two claim because he presented a "sufficient factual basis to claim disruption of market integrity and competitive conditions" by identifying "specific manipulative strategies such as 'ladder attacks' and 'fabricated naked shorts.'" But these allegations were pleaded as part of his civil RICO claim, not his antitrust claim. Because he presented no other argument as to the sufficiency of his antitrust claim, George has abandoned any additional argument that he properly pleaded such a claim. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority.").

But even if he had pleaded a willful acquisition of monopoly power, he hasn't alleged that competition in the stock market was harmed by the defendants' monopoly power. *See OJ Com., LLC*, 34 F.4th at 1244. Section two claims "require harm to competition

that must occur within a 'relevant', that is, a distinct market, with a specific set of geographical boundaries and a narrow delineation of the products at issue." *Spanish Broad. Sys. of Fla., Inc. v. Clear Channel Commc'ns, Inc.*, 376 F.3d 1065, 1074 (11th Cir. 2004). "[H]arm to one or more competitors will not suffice." *McWane, Inc. v. F.T.C.*, 783 F.3d 814, 835–36 (11th Cir. 2015).

George made conclusory allegations that the defendants' "unfair monopoly" could "control and manipulate the price of AMC stock," but he's failed to allege any actual harm. *See Spanish Broad. Sys. of Fla., Inc.*, 376 F.3d 1065, 1079 (11th Cir. 2004) (concluding a complaint was inadequately pleaded when it alleged that defendants' conduct would "continue to affect prices for advertisements" but not that "prices have actually risen" because it did not "allege[] actual harm to competition"); *cf. In re Jan. 2021 Short Squeeze Trading Litig.*, 105 F.4th 1346, 1357 n.12 (11th Cir. 2024) (explaining, in a section one claim, that it would be "hard[] to show that [d]efendants have market power if the relevant market is the entire stock market, rather than just" the payment for order flow or no-fee brokerage markets (citing *Kalmanovitz v. G. Heileman Brewing Co.*, 769 F.2d 152, 156 (3d Cir. 1985))). Instead, he alleged only the defendants' violation of the antitrust laws "contributed to [his] continuing to lose money." [*Id.* ¶ 35] This was not enough. *See McWane, Inc.*, 783 F.3d at 835–36.

### Fourteenth Amendment Claim

Finally, George has abandoned any argument that the district court erred in dismissing his Fourteenth Amendment claim.

"[I]ssues not briefed on appeal by a pro se litigant are deemed abandoned." *Timson v. Sampson,* 518 F.3d 870, 874 (11th Cir. 2008). A party fails to adequately "brief" a claim when he does not "plainly and prominently" raise it, "for instance by devoting a discrete section of his argument to those claims." *Sapuppo*, 739 F.3d at 681 (quotation omitted). Appellants abandon a claim on appeal by presenting it only in "passing references" or "in a perfunctory manner without supporting arguments or authority." *Id.* (quotation omitted). "Abandonment of a claim or issue can also occur when the passing references to it are made in the 'statement of the case' or 'summary of the argument[.]'" *Id.* (quotation omitted).

That's what George did here. In his statement of facts, George mentioned in "passing" that his "legal research has . . . come to the conclusion that the rules and regulations put in place by" the governmental agencies violate his Fourteenth Amendment rights. But he failed to brief—much less adequately brief—the claim with "a discrete section of his argument." So George failed to "plainly and prominently" raise an argument for his Fourteenth Amendment claim on appeal. *See id.*

Because none of his claims were properly pleaded, George failed to state any claim upon which relief could be granted.[1]

---

[1] To the extent that George argues that his complaint should not have been dismissed as a shotgun pleading or that his complaint should have been dismissed without prejudice, he failed to adequately brief these issues too. *Sapuppo*, 739 F.3d at 681.

**AFFIRMED.**